HARRINGTON, RESPONDENT, *v.* STROMBERG-MULLINS COMPANY, APPELLANT.

(No. 1, 973.)

(Submitted November 18, 1903.   Decided November 28, 1903.)

*Conversion—Action by Chattel Mortgagee—Pleading—Complaint—Sufficiency.*

In conversion by a chattel mortgagee plaintiff must allege (1) that at the date of the conversion he was the owner and holder of the notes in question; (2) that the notes had not been paid, or, if paid in part, the amount then due; (3) that he had some property interest in the chattels converted, either general or special, and was either in actual possession or entitled to the possession thereof; and (4) the value of the property converted.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

ACTION by Con. C. Harrington against the Stromberg-Mullins Company, a corporation. From a judgment for plaintiff, defendant appeals. Reversed.

*Messrs. Kirk & Clinton,* for Appellant.

*Mr. J. E. Healy,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an action in conversion. The complaint alleges that the defendant is a corporation; that on August 1, 1901, Timothy P. Harrington executed and delivered to the plaintiff and respondent, Con. C. Harrington, his promissory note for $500, due one year after date, with interest at 6 per cent. per annum, and to secure the payment thereof executed a chattel mortgage upon certain personal property; that on August 16, 1901, the said Timothy P. Harrington executed and delivered to plaintiff his certain other promissory note for the sum of $500, due one year after date, with interest at 1 per cent. per month, and, to secure the payment thereof, executed a second chattel mortgage upon the same personal property; that these mortgages were properly verified, acknowledged and filed for record in the office of the county clerk and recorder of Silver Bow county; that the defendant has entered into possession of the property described in the chattel mortgages, and has converted the same to its own use, and has thereby deprived the plaintiff of his security, to his damage in the sum of $1,000, for which amount judgment is demanded. The defendant made answer, denying the material allegations of the complaint, and pleading fraud in the execution of the mortgages. To this answer plaintiff filed a reply. The cause was tried to a jury, which returned a verdict in favor of the plaintiff for $1,000, and from the judgment entered thereon this appeal is taken.

The only question for determination is, does the complaint state facts sufficient to constitute a cause of action?

1. The action is by a mortgagee, whose only interest in the property, so far as the complaint discloses, is the lien secured to a mortgagee out of possession. The date of the alleged conversion is nowhere stated. It may have been at any time prior to the filing of the complaint, November 15, 1901, and was presumably subsequent to the execution of the second mortgage. But the mere allegation that the first note was executed on August 1st and the second on October 15, 1901, does not imply continued ownership or nonpayment of the notes, or either of them. If the plaintiff was not the owner of the notes at the date of the alleged conversion, or if the notes had been paid, he could have suffered no injury; for a transfer of the notes would operate to transfer the mortgages, or payment of the notes would operate to discharge the mortgages, and the necessity for an allegation that the plaintiff was the owner and holder of the notes in question, and that they had not been paid, or, if paid in part, the amount then due upon them at the date of the alleged conversion is apparent.

2. Assuming that the allegations of the complaint are sufficient to show a special property interest in the plaintiff in the property described in the mortgages, the complaint is defective, in that it does not allege that the plaintiff was either in possession or entitled to the possession at the date of the conversion. The party complaining "must have had, when the goods were taken, a general or special property in them, and a right to the immediate possession." (*Wetzel* v. *Power*, 5 Mont. 214, 2 Pac. 388; *Reardon* v. *Patterson*, 19 Mont. 231, 47 Pac. 956; 21 Ency. Pleading & Practice, 1062; *Binnian* v. *Baker*, 6 Wash. 50, 32 Pac. 1008.)

3. In order for the court properly to determine the measure of damages, two things must be made to appear: (1) The amount due the plaintiff, and (2) the value of the property converted; for, in the absence of any allegation of time spent or

money expended in pursuit of the property, the plaintiff could not have been injured beyond the amount due him.

Section 4333 of the Civil Code fixes the measure of damages. That section reads as follows: "The detriment caused by the wrongful conversion of personal property is presumed to be: (1) The value of the property at the time of its conversion, with the interest from that time; or, where the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, without interest, at the option of the injured party; and (2) a fair compensation for the time and money properly expended in pursuit of the property."

Under the pleadings in this case the second subdivision of this section can be entirely eliminated from consideration. The value of the property at the date of conversion, with interest thereon, or the highest market value of the property at any time between the date of its conversion and the determination of the trial, provided that does not exceed the amount due the plaintiff, is the utmost that he could recover; and, as it was necessary for him to prove the value of the property, an allegation of that value must have been contained in the complaint in order to admit the proof. This question has been before this court, has been fully considered, and ought now to be deemed finally determined. (*Rocheleau* v. *Boyle,* 12 Mont. 590, 31 Pac. 533.)

In passing, we may say that the complaint alleges that the defendant was, at the date of the filing of the complaint, a corporation. There is no allegation that it was such at the time of the alleged conversion.

To summarize, then, the plaintiff must allege (1) that at the date of the conversion he was the owner and holder of the notes in question; (2) that the notes had not been paid, or, if paid in part, the amount then due; (3) that he had some property interest in the chattels converted, either general or special, and was either in actual possession or entitled to the possession thereof; and (4) the value of the property converted. These

are all necessary averments, without any one of which the complaint would be fatally defective. In the absence of these allegations, the complaint does not state a cause of action, and will not support the judgment rendered. The judgment is reversed, and the cause remanded.

*Reversed and remanded.*

Rehearing denied December 24, 1903.