## J. I. CASE THRESHING MACHINE CO., Respondent, *v.* SIMPSON, Appellant.

### (No. 3,844.)

(Submitted December 8, 1917.   Decided January 4, 1918.)

[170 Pac. 12.]

*Negotiable   Instruments — Complaint — Insufficiency — Default Judgment—Setting Aside—Improper Denial.*

Default Judgment—Refusal to Set Aside—Imposition of Terms—When Improper.

1.   Where defendant on the day after rendition of judgment against him by default had asked that the judgment be set aside and the cause tried on its merits, but had not applied for a continuance or leave to file an amended answer, an order imposing terms affecting these subjects as a condition precedent to the granting of the motion was unauthorized, and the defendant was at liberty to treat it as in effect denying the motion.

Same—Negotiable Instruments—Complaint—Insufficiency.

2.   The complaint in an action by the payee against the maker of a promissory note, which was also drawn to bearer, being fatally defective for failure to allege that the note was made, executed or delivered to plaintiff, that plaintiff was the owner or holder thereof, or that the amount due upon the indebtedness was due to plaintiff in that it could not be gathered from its recitals that the action was being prosecuted in the name of the real party in interest, refusal to set aside a judgment by default was error.

*Appeal from District Court, Valley County; F. N. Utter, Judge.*

Action by the J. I. Case Threshing Machine Company against John H. Simpson.   From a default judgment for plaintiff and an order denying his motion to vacate the same, defendant appeals.   Reversed and remanded.

*Mr. Thos. Dignan, Mr. C. D. Borton* and *Messrs. Nolan & Donovan,* for Appellant, submitted a brief.

*Mr. John Hurly* and *Mr. Clement A. Parker,* for Respondent, submitted a brief; *Messrs. Norris & Hurd,* of Counsel; *Mr. Geo. E. Hurd* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In January, 1915, the J. I. Case Threshing Machine Company, a corporation, commenced this action to enforce payment of three promissory notes. The defendant first interposed a general demurrer, which was overruled, and then answered. At the time the cause was set for trial, defendant and his counsel failed to appear, and judgment was rendered in favor of plaintiff for [1] the full amount claimed. On the day following, counsel for defendant made formal application to have the judgment set aside and the cause tried on its merits. The grounds of the motion were excusable neglect in failing to appear at the trial, and insufficiency of the complaint to state a cause of action. In disposing of the motion the court made the following order: "The court ordered that the judgment in the case be set aside and opened on the condition that the defendant within twenty days after this date pay the clerk of the court for the plaintiff the taxable costs of the plaintiff, and further that the defendant file his written consent that the case be tried on the issues as joined when the case was set for trial on January 26, 1916, and, further that defendant file his written consent within twenty days that the case be tried at the next ensuing term of court." Defendant treated the order as one denying his motion, and appealed from the judgment and from so much of the order as required him to consent to try the cause upon the issues already framed, and to agree that the cause should be tried at the next term of court.

The order indicates that the trial court considered defendant's showing sufficient, and no complaint is made that the court imposed costs. There was not before the court any application for a continuance or for leave to file an amended answer, and the imposition of terms affecting those subjects was clearly not authorized or justified. For this reason, defendant was at liberty to treat the order as, in effect, denying his motion.

The motion should have been granted, for the complaint does not state facts sufficient to constitute a cause of action in favor

of the plaintiff. The complaint alleges that on January 12, 1911, the defendant made, executed and delivered his three promissory notes, a copy of each of which is set forth at length. It alleges that certain payments were made, and that the sum of $2,108.80 and interest "still remains due, owing and payable upon said promissory notes, no part of which has been paid." Each of the notes is payable to "J. I. Case Threshing Machine Co. (incorporated) or bearer." Assuming that the payee and plaintiff are the identical corporation, the complaint still fails to disclose that this action is prosecuted in the name of the real party in interest, as required by section 6477, Revised Codes. The complaint does not allege that the notes were made, executed, or delivered to the plaintiff, or that plaintiff is the owner or holder thereof, or that the amount due upon the indebtedness is due to the plaintiff. (Sec. 6573, Rev. Codes.) Indeed, it would seem that the complaint was drawn adroitly to avoid any direct allegation that plaintiff has an interest in the notes sufficient to warrant it in maintaining the action.

It is true that the notes are payable to J. I. Case Threshing Machine Company (incorporated), but they are also drawn to *bearer*, and such notes pass from hand to hand by mere delivery. (Sec. 5878, Rev. Codes.) It was not absolutely necessary for plaintiff to allege that it was the owner of the notes at the time suit was commenced. A holder of a negotiable instrument may maintain an action for its collection (sec. 5899, Rev. Codes) ; but to state a cause of action in favor of plaintiff, it was necessary to disclose some right in it by virtue of which it maintains the action and upon the faith of which defendant, by paying the judgment, may be fully discharged of his obligation and relieved of the annoyance of further litigation at the hands of someone else who may hereafter appear in possession of the notes. The general rule is well stated in 8 Corpus Juris, 885, 886, as follows: "Plaintiff must show title to the bill or note in suit or privity between himself and defendant, or that as the holder thereof, he has the legal right to maintain the action and to recover thereon. * * * In an action by the payee against the

maker of the note it is sufficient to allege the execution and delivery of the note to *plaintiff.*''  Neither the answer of the defendant nor the judgment of the court aids the complaint in this instance.

Counsel for respondent are in error in assuming that this court decided in *Meadowcraft* v. *Walsh,* 15 Mont. 544, 39 Pac. 914, that an allegation of ownership of the note sued upon is surplusage.  The question there determined was one of substantive law—not one of pleading.  The complaint in that action alleged that each of the notes had been duly indorsed and delivered to plaintiff, and that plaintiff was then the owner and holder thereof. ·

The judgment and order are reversed and the cause is remanded for further proceedings.

*Reversed and remanded.*

MR. JUSTICE SANNER concurs.


MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decision.