YOUNG, Respondent, v. BRAY, Appellant.

(No. 3,865.)

(Submitted January 30, 1918.　Decided February 6, 1918.)

[170 Pac. 1044.]

*Chattel Mortgages—Conversion of Mortgaged Property—Complaint—Insufficiency—Bills and Notes—Waiver of Tort—Assumpsit.*

Conversion of Mortgaged Property—Complaint—Insufficiency.

1.　The complaint in an action in conversion of property upon which plaintiff held a chattel mortgage, which did not allege that she held the note to secure which the mortgage was given, that the note had not been paid, and that she had some property interest in the property converted, did not state a cause of action.

[As to conversion of personalty sufficient to sustain action of trover, see note in 24 Am. St. Rep. 795.]

Conversion—Waiver of Tort—*Assumpsit.*

2.　One whose property has been wrongfully converted may waive the tort and sue in *assumpsit*, in which event the measure of damages is the value of the property at the date of the conversion, not to exceed the amount due plaintiff; hence the complaint must allege such value.

Same—Promissory Notes—Complaint—Insufficiency.

3.　The complaint above adverted to was further insufficient for failure to allege that plaintiff was the holder of the note at the time action was commenced.

Promissory Notes—Who not Liable Thereon.

4.　One whose name does not appear upon a promissory note cannot be held liable on it (Rev. Codes, sec. 5866).

*Appeal from District Court, Fergus County; Roy E. Ayers, Judge.*

ACTION by Margaret Young against Montford Bray.　From a judgment for plaintiff and an order denying new trial, defendant appeals.　Reversed and remanded.

Cause submitted on brief of counsel for Appellant.

*Messrs. Farr & Herrick,* for Appellant.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In her complaint plaintiff alleges, in substance, that on May 23, 1914, Prentiss R. Lewis executed and delivered to her his negotiable, promissory note for $150, with interest at ten per cent per annum, and, to secure payment, executed a chattel mortgage upon certain personal property, which mortgage was duly filed for record; that subsequently, and while the lien of the mortgage was in full force and effect, Lewis transferred the mortgaged property to defendant, who thereafter converted it to his own use and deprived plaintiff of her security; that by reason of such conversion defendant is indebted to plaintiff for the direct payment of money in the sum of $150, principal of said note, with interest according to the terms of the note; that plaintiff is entitled to a reasonable attorney fee under the terms of the note; that $100 is such reasonable fee to be allowed plaintiff; and that prior to commencing this action plaintiff demanded of defendant that he pay the amount of the mortgage "upon the ground that he had assumed said mortgage and was directly liable to this plaintiff," but that defendant refused to pay the same or any part thereof. The answer is a general denial. Timely objection was interposed to the introduction of any evidence on the ground that the complaint fails to state a cause of action, and particularly that it fails to disclose that plaintiff is the owner or holder of the note or mortgage, or that she has any interest in the subject matter of the litigation. The objection was overruled. Plaintiff prevailed in the lower court, and defendant appealed from the judgment and from an order denying him a new trial.

It is practically impossible to determine the theory upon which plaintiff proceeds. It is problematical whether she seeks damages for the conversion of her security, whether she waives the tort, and is suing upon an implied contract, or whether it is sought to hold defendant upon an agreement to pay the debt; but upon any theory the complaint does not state a cause of action in favor of plaintiff and against defendant.

1. It does not state a cause of action for damages for [1] conversion. (*Harrington* v. *Stromberg-Mullins Co.,* 29 Mont. 157, 74 Pac. 413.)

2. It does not state a cause of action upon an implied contract. The right of one, whose property has been wrongfully [2] converted, to waive the tort and sue in *assumpsit* is well settled. (*First Nat. Bank* v. *Silver,* 45 Mont. 231, 122 Pac. 584.) The right to sue in *assumpsit* proceeds upon the theory of implied sale—that the one who converted the property intended to compensate the owner for it. (*Galvin* v. *Mac Mining & M. Co.,* 14 Mont. 508, 37 Pac. 366.) It may be a serious question whether a mortgagee of personal property out of possession has such right of election. Upon this we express no opinion; but if the right exists, the measure of damages is the value of the property at the date of conversion, not to exceed the amount due on plaintiff's debt. (*Harrington* v. *Stromberg-Mullins Co.,* above.) To state a cause of action, the value of the property at the date of conversion must be made to appear. (*Monroe* v. *Cannon,* 24 Mont. 316, 81 Am. St. Rep. 439, 61 Pac. 863.) In this instance the complaint fails to state that at the date of conversion the property had any value whatever.

3. It is only by bare inference that it can be said to appear that defendant ever assumed or agreed to pay the debt secured by the mortgage. There is no direct allegation to that effect. [3] But it is incumbent upon plaintiff to disclose that she is the real party in interest, and to do so it must be made to appear that at the time this action was commenced, the debt was due to her. Nowhere is it alleged that plaintiff is the owner or holder of the note, and for this reason the complaint is fatally defective. (*J. I. Case Threshing Mach. Co.* v. *Simpson, ante,* p. 316, 170 Pac. 12.) Furthermore, the defendant [4] cannot be liable on the note itself, for his name does not appear upon it. (Rev. Codes, sec. 5866; *Kohrs* v. *Smith,* 45 Mont. 467, 124 Pac. 275.)

The complaint does not state a cause of action upon any theory, and will not support the judgment.

The judgment and order are reversed, and the cause is remanded for further proceedings.

*Reversed and remanded.*

MR. JUSTICE SANNER concurs.

MR. CHIEF JUSTICE BRANTLY, being absent, did not hear the argument and takes no part in the foregoing decision.