PERKINS & CO., RESPONDENT, *v.* DULUTH BREWING & MALTING CO., ET AL., APPELLANTS.

(No. 4,230.)

(Submitted November 19, 1920.  Decided December 18, 1920.)

[194 Pac. 157.]

*Conversion — Action by Chattel Mortgagee — Allegation of Ownership—Complaint—Insufficiency.*

Conversion—Action by Chattel Mortgagee—Allegation of Ownership—Complaint—Insufficiency.
  1. *Held,* that the complaint in an action to recover possession of chattels, covered by mortgage, alleged to have been unlawfully seized and wrongfully detained by defendants, was insufficient in the absence of an averment that plaintiff mortgagee was the owner and holder of the notes secured by the mortgage at the date of conversion.

*Appeal from District Court, Richland County; C. C. Hurley, Judge.*

Action by W. L. Perkins & Co. against the Duluth Brewing & Malting Company and others.  Judgment for plaintiff and defendant Jack Bennett, Sheriff, appeals.  Reversed.

*Messrs. Lunke & Shea,* for Appellants, submitted a brief and one supplemental thereto; *Mr. R. O. Lunke* argued the cause orally.

*Mr. C. E. Comer* and *Mr. Carl L. Brattin,* for Respondent, submitted a brief.

MR. JUSTICE COOPER delivered the opinion of the court.

This is an action in replevin by a mortgagee to recover possession of personal property covered by two chattel mortgages, of the agreed value of $1,000, alleged to have been unlawfully seized and wrongfully detained by the defendants.

To the complaint defendants filed a general demurrer. Thereafter an order was made transferring the cause from the district court of Sheridan county to the district court of Richland county, where the demurrer was overruled.  Defendants answered, and a trial by the court followed.  Plaintiff had judgment, and from it defendant Bennett appeals.

Before the introduction of proof the defendants interposed a general objection to the admission of any evidence, upon the ground that the complaint failed to state a cause of action. The objection was overruled, to which ruling defendants objected.  To like rulings made during the trial and at its close exceptions were taken.

In the supplemental brief of appellant it is urged that the [1] case of *Harrington* v. *Stromberg-Mullins Co.,* 29 Mont. 157, 74 Pac. 413, is decisive of the point upon which this appeal turns, in that the complaint nowhere alleges the ownership of the notes and mortgages to be in the plaintiff.  That case so nearly resembles the one at bar that the decision must be regarded as conclusive of this appeal.  Writing the opinion for this court, Mr. Justice Holloway there said: "The only question for determination is: Does the complaint state facts sufficient to constitute a cause of action?  The action is by a mortgagee, whose only interest in the property, so far as

the complaint discloses, is the lien secured to a mortgagee out of possession. * * * The mere allegation that the first note was executed on August 1 and the second on October 15, 1901, does not imply continued ownership or nonpayment of the notes. * * * If the plaintiff was not the owner of the notes at the date of the alleged conversion, or if the notes had been paid, he could have suffered no injury; for a transfer of the notes would operate to transfer the mortgages, or payment of the notes would operate to discharge the mortgages, and the necessity for an allegation that the plaintiff was the owner and holder of the notes in question, and that they had not been paid, or, if paid in part, the amount then due upon them at the date of the alleged conversion, is apparent.'' The rule there laid down has been approvd on two occasions since. (*J. I. Case Threshing Machine Co.* v. *Simpson,* 54 Mont. 316, 170 Pac. 12, and *Young* v. *Bray,* 54 Mont. 415, 170 Pac. 1044.)

In *J. I. Case Threshing Machine Co.* v. *Simpson, supra,* a general demurrer upon the ground that the complaint did not state facts sufficient to constitute a cause of action was seasonably interposed, and for a like reason, upon the trial, objection was made to the admission of any testimony. There, as here, the complaint alleged that certain payments were made, and that a balance, principal and interest, still remained due upon the promissory notes sued upon, but there was no allegation that the plaintiff was the owner and holder. Each of the notes was made payable to "J. I. Case Threshing Machine Co. (Incorporated), or bearer." Emphasizing the rule announced in the former case, Mr. Justice Holloway uses this language: "Assuming that the payee and plaintiff are the identical corporation, the complaint still fails to disclose that this action is prosecuted in the name of the real party in interest, as required by section 6477, Revised Codes. The complaint does not allege that the notes were made, executed or delivered to the plaintiff, or that plaintiff is the owner or holder thereof, or that the amount due upon the indebtedness is due to the plaintiff. Section 6573, Rev. Codes. * * * A holder of a negotiable instrument may maintain an action for its collection (sec. 5899, Rev. Codes); but, to state a cause

of action in favor of plaintiff, it was necessary to disclose some right in it by virtue of which it maintains the action and upon the faith of which defendant, by paying the judgment, may be fully discharged of his obligation and relieved of the annoyance of further litigation at the hands of someone else who may hereafter appear in possession of the notes."

The allegation of the complaint here merely is "that the plaintiff is and has been during all the times hereinafter mentioned entitled to the immediate possession" of a stock of goods which the defendants seized and have wrongfully detained since the second day of March, 1914. This may be true in point of fact; but the substantial defect pointed out is neither aided by the pleadings of the opposite party nor was it remedied in the proof upon the trial. Whether the absence of that essential averment was due to oversight or design makes no difference. We should not be obliged to resort to far-fetched legal inferences to supply matters indispensable to the adjustment of a controversy between the parties to it. The defendants were entitled to be so confronted with the issue as to whether the plaintiff was the real party in interest or not that, if the question again became the subject of dispute between them, the judgment itself would be a complete answer thereto. In this case that requirement has not been met.

The judgment and order are reversed.

*Reversed.*

Mr. Chief Justice Brantly and Associate Justices Holloway and Matthews concur.

Mr. Justice Hurly, deeming himself disqualified, takes no part in the foregoing decision.