MOTT, Appellant, *v.* BUCKLEY, Sheriff, et al., Respondents.

(No. 4,296.)

(Submitted January 14, 1921. Decided March 7, 1921.)

[196 Pac. 359.]

*Conversion—Sheriffs—Chattel Mortgages—Promissory Notes— Evidence — Appeal and Error — Record — Exhibits — Bill of Exceptions.*

Conversion—Chattel Mortgaged Property—Notes and Mortgages—Evidence.
    1.  Where, in an action against a sheriff for conversion of personal property covered by a mortgage, plaintiff alleged that defendant sold the chattels under execution without first paying off the mortgage debt, and defendant denied the execution of the note and mortgage, it was incumbent upon plaintiff not only to show that he held the instruments, but to introduce them in evidence, failing to do which he was properly nonsuited.

Appeal and Error—Record—Exhibits—Identification—Bill of Exceptions.
    2.  Papers incorporated in the record as exhibits, but not made a part of the bill of exceptions, cannot be considered on appeal.

---

    1. Liability of sheriff for failure to pay over money, see note in 95 Am. St. Rep. 110.

*Appeal from District Court, Blaine County; W. B. Rhoades, Judge.*

ACTION by John W. Mott against James Buckley, Sheriff of Blaine County, Montana, and another. From a judgment for defendants, plaintiff appeals. Affirmed.

*Mr. F. N. Utter* and *Mr. A. J. Gantter,* for Appellant, submitted a brief; *Mr. A. A. Grorud,* of Counsel, argued the cause orally.

*Messrs. McKenzie & McKenzie,* for Respondent; submitted a brief; *Mr. John McKenzie* argued the cause orally.

MR. JUSTICE REYNOLDS delivered the opinion of the court.

This action was brought by plaintiff against defendants for damages for alleged conversion of chattel mortgaged property. On motion of defendants for nonsuit on the ground, among others, that plaintiff had failed to prove the facts sufficient to constitute a cause of action, judgment was rendered in favor of defendants and against plaintiff. Plaintiff appeals from the judgment.

The complaint alleges that Everett Reser and Catherine [1] Reser gave plaintiff their promissory note for $1,200, secured by chattel mortgage upon certain grain; that defendant James Buckley, sheriff of Blaine county, under execution issued in a certain other case, levied upon the grain and sold same without plaintiff's consent and without first paying the mortgage debt. The allegations as to the execution and delivery of the note and mortgage were denied. Defendant Massachusetts Bonding & Insurance Company was surety upon Buckley's official bond. On the trial some oral testimony was given regarding the note and mortgage, but neither instrument was offered or received in evidence. It being necessary for plaintiff to establish the fact that he held such a note and mortgage as described in the complaint, and neither instru-

ment being offered in evidence, although both were available for that purpose, there was not any competent evidence upon which to base a judgment in favor of plaintiff. This court cannot indulge in imagination or speculation as to the contents of written instruments, the execution of which is denied and which are the basis of the action. Defendants made a motion [2] in this court that the exhibits, being the note and mortgage mentioned and being no part of the bill of exceptions, be stricken from the transcript. In view of the motion and the state of the record, this court cannot consider either instrument, and is compelled to find that the trial court was correct in sustaining motion for nonsuit.

The judgment is affirmed

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.