MOORE et al., Respondents, *v.* CRITTENDEN, Sheriff, et
AL., Appellants.

(No. 4,634.)

(Submitted January 31, 1922. Decided February 20, 1922.)

[204 Pac. 1035.]

*Conversion — Chattel Mortgages — Complaint — Description of
Property—Trial—Directed Verdict.*

Trial—Directed Verdict—Motion by Both Parties—Effect.
1. Where both parties to an action move for a directed verdict and
the unsuccessful one does not request the court to submit any issue
to the jury, he cannot complain on appeal that the right of trial by
jury was denied him.

Same—Directed Verdict—When Proper.
2. Under section 9364, Revised Codes of 1921, where upon the trial
of an issue by a jury only questions of law are presented, the court
may direct the jury to render a verdict in favor of the party en-
titled thereto.

Conversion—Title of Plaintiff—Complaint—Sufficiency.
3. In an action for conversion plaintiff need not set forth in his
complaint the precise nature of his title, general averments of owner-
ship and right to possession being sufficient to authorize the intro-
duction of evidence to show the source or character of his title.

Same—Chattel Mortgaged Property—Action Against Third Party—When
Maintainable.
4. Under a chattel mortgage which gives the mortgagee the right to
immediate possession upon condition broken, he may maintain an
action for conversion against a third party who takes the property
from the mortgagor after default in the conditions of the mortgage.

Same—Chattel Mortgage—Description of Property—Sufficiency.
5. A description of personal property in a mortgage from which
the mortgagee can say with reasonable certainty what property is
subject to his lien is sufficient as between the parties to it as well as
against a trespasser.

Same—Chattel Mortgage—Error in Description of Property—When Im-
material.
6. Where an engine was described in a chattel mortgage as a "one
22-horsepower Avery engine, No. 2266," situated in a certain county
and being the only piece of property of the kind owned by the
mortgagors, the description was sufficient even though the serial num-
ber of the engine was 4459, it appearing that the number 2266 was
the part number of the door frame and erroneously assumed to be
the number of the engine itself.

---

4. Rights of the holder of mortgage of chattels after condition broken,
see note in 96 Am. St. Rep. 682.

Chattel Mortgage — Defective Description — When Available to Defeat Rights of Mortgagee.
   7. It is only where the rights of innocent third parties have intervened that a defective description in a chattel mortgage can be. availed of to defeat the rights of the mortgagee.

Same—Filing Imparts Notice to Whom.
   8. The provision of section 8278, Revised Codes of 1921, for the filing of chattel mortgages is intended to impart notice only to creditors of the mortgagor and subsequent purchasers and encumbrancers in good faith for value.

Same—Faulty Description—Rule.
   9. The rule that in the construction of instruments a false description does not necessarily vitiate applies to the construction of chattel mortgages.

*Appeal from District Court, Broadwater County; John A. Matthews, Judge.*

ACTION by J. E. Moore and another against H. C. Crittenden, Sheriff, and others. Judgment for plaintiffs and defendants appeal. Affirmed.

*Messrs. Day & Mapes, Mr. F. T. Hookes* and *Mr. C. E. Pew,* for Appellants, submitted a brief; *Mr. Pew* argued the cause orally.

*Mr. Warren W. Goodman,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was instituted by the plaintiffs against the sheriff of Broadwater county and the surety on his official bond to recover damages for the conversion of mortgaged personal property.

It is alleged that on August 22, 1916, F. E. Russell and Mrs. Clover M. Russell were indebted to plaintiffs in the sum of $2,800, evidenced by four promissory notes due, respectively, December 1, 1916, June 1, 1917, December 1, 1917, and January 1, 1918, with interest; that, to secure the payment of this indebtedness, the makers of the notes executed and de-

livered to plaintiffs a chattel mortgage upon one 22-horsepower Avery engine, one 36–60 Avery separator, with feeder, blower, sacker, and belts, and one Avery steel water-tank; that the mortgage was filed for record in the office of the clerk and recorder of Broadwater county; that plaintiffs are the owners and holders of the notes; and that no part of the indebtedness has been paid, except the sum of $150, paid on February 7, 1917. Reference is made in the complaint to the terms of the mortgage which conferred upon the mortgagees the right to take possession of the mortgaged property upon default in the payment of the notes or whenever they should consider the possession of the property essential to the security of their debt. It is alleged further that on October 4, 1917, and while plaintiffs were the owners and holders of the chattel mortgage and the notes secured thereby, the sheriff wrongfully seized and sold the engine without paying, tendering, or depositing the amount due upon the indebtedness. The value of the engine and the amount of plaintiffs' damages are set forth, followed by a prayer for relief.

The answer admits the execution, delivery and filing of the chattel mortgage and denies all the other allegations of the complaint. By way of justification, the defendants allege that at the time the engine was seized by the sheriff it was the property of W. E. Russell, and that it was sold under execution issued in an action wherein J. P. McCarthy was plaintiff and W. E. Russell was defendant. Issues were joined by reply and the cause brought to trial before the court sitting with a jury. At the conclusion of the testimony each party moved for a directed verdict. Plaintiffs' motion was granted, defendants' motion overruled, a verdict returned, and judgment entered. From that judgment defendants appealed.

1. When defendants' motion for a directed verdict was de-
[1, 2] nied, they did not request the court to submit any issues to the jury and cannot now be heard to say that the right to a trial by jury was denied them. (*Fifty Associates Co.* v. *Quigley,* 56 Mont. 348, 185 Pac. 155; *Bank of Commerce*

v. *United States F. & G. Co.*, 58 Mont. 236, 194 Pac. 158.)
Section 9364, Revised Codes of 1921 (sec. 6761, Rev. Codes
1907), provides: "Where, upon the trial of an issue by a
jury, the case presents only questions of law, the judge may
direct the jury to render a verdict in favor of the party en-
titled thereto." This section does not state any new or strange
doctrine. The rule announced is recognized by the authorities
everywhere, even in the absence of statute. (26 R. C. L. 1067;
38 Cyc. 1563; Abbott's Civil Jury Trials, 499; 2 Thompson on
Trials, 2d ed., secs. 2245, 2247.) The decision in each of the
cases cited above is in entire harmony with the rule of the
statute and is so recognized by the overwhelming weight of
authority.

In *St. Paul Machinery Mfg. Co.* v. *Bruce*, 54 Mont. 549,
172 Pac. 330, a motion for a directed verdict was made by
plaintiff and granted by the court. After that ruling had
been made, defendant Edwards moved for a directed verdict in
his favor. The latter motion was without any effect whatever
and was disregarded by this court in framing its opinion; but,
independently of this consideration, the question now before
us was not presented or determined, and the decision in that
case cannot be held to be authority conflicting with the deci-
sions in the later cases above.

2. It is contended that the complaint is insufficient in that
[3, 4] it does not state that the mortgagors were the owners
of the property at the time the mortgage was executed. Coun-
sel for defendants raise this question, but do not argue it or
present any authorities in support of their contention, and
we have been unable to find any. It is the rule that in an
action for conversion the plaintiff is not required to notify the
defendant of the precise nature of his (plaintiff's) title, and
that general averments of ownership and right to possession
authorize the introduction of evidence to show the source or
character of plaintiff's title. (21 Ency. of Pl. & Pr. 1063, 1115;
*Reynolds* v. *Fitzpatrick*, 40 Mont. 593, 107 Pac. 902.) It is
true that plaintiffs must have had a general or special prop-

erty in the chattel at the time of conversion and actual possession or right to the immediate possession (*Glass* v. *Basin & Bay State M. Co.,* 31 Mont. 21, 77 Pac. 302); but, under a mortgage which gives to the mortgagee the right to immediate possession upon condition broken, such mortgagee may maintain an action against a third party who takes the property from the mortgagor after default in the conditions of the mortgage. (*Reynolds* v. *Fitzpatrick,* 23 Mont. 52, 57 Pac. 452.) The complaint herein meets the requirements of the rule announced in *Harrington* v. *Stromberg-Mullins Co.,* 29 Mont. 157, 74 Pac. 413, and is sufficient. (*First Nat. Bank* v. *Montana Emporium Co.,* 59 Mont. 584, 197 Pac. 994.) The evidence is uncontradicted that the mortgagors were the owners of the property at the time the mortgage was given.

3. Finally, it is urged that the description of the engine in [5, 6] the chattel mortgage is so far erroneous as to defeat the plaintiffs' right to recover. The engine is described as one 22-horsepower Avery engine, No. 2266, situated in Broadwater county and being all of the property of the kind described owned by the mortgagors. Upon the trial it developed that the serial number of the engine is 4459, and that the number 2266 is the part number of the door frame of the engine, erroneously assumed by the parties to the mortgage to be the number of the engine itself. The evidence is uncontradicted that at the time of conversion F. E. Russell and Mrs. Clover M. Russell were the owners of the engine, subject to the lien of the plaintiffs' mortgage, and that W. E. Russell never owned or had any interest in it. It follows that, when the sheriff seized and sold it as the property of W. E. Russell, he was a naked trespasser.

As between the parties to the mortgage, a description of [7-9] the property is sufficient if it so identifies the chattels that the mortgagee may say, with a reasonable degree of certainty, what property is subject to his lien. (11 C. J. 456; *O'Brien* v. *Miller* (C. C.), 117 Fed. 1000; *Longerbeam* v. *Huston,* 20 S. D. 254, 105 N. W. 743.) The fact that the

engine in question is described in the chattel mortgage as sit
uated in Broadwater county and as being the only piece of
property of the kind owned by the mortgagors is material in
determining the sufficiency of the description. (11 C. J. 461.)
Furthermore, there were marks upon the engine other than
those mentioned in the mortgage, so that the mortgagee, Moore,
experienced no difficulty in identifying the chattel sold by the
sheriff as the engine described in the mortgage, and any de-
scription sufficient as between the parties to the mortgage is
sufficient as against a trespasser. (Jones on Chattel Mortgages,
5th ed., sec. 53; *Wilson* v. *Rustad,* 7 N. D. 330, 66 Am. St.
Rep. 649, 75 N. W. 260.) It is only where the rights of inno-
cent third parties have intervened that a defective description
can be availed of to defeat the rights of the mortgagee. (*Bank*
v. *Stewart,* 75 Neb. 717, 106 N. W. 969.) Our statute which
provides for filing chattel mortgages is intended to impart
notice only to creditors of the mortgagor and subsequent pur-
chasers and encumbrancers in good faith for value. (*Rairden*
v. *Hedrick,* 46 Mont. 510, 129 Pac. 498; *Isbell* v. *Slette,* 52
Mont. 156, 155 Pac. 503.) It is an elementary rule in the con-
struction of instruments that a false description does not neces-
sarily vitiate, *"Falsa demonstratio non nocet"* (*Metcalf* v.
*Prescott,* 10 Mont. 283, 25 Pac. 1037), and this rule applies
to the construction of chattel mortgages (Jones on Chattel
Mortgages, sec. 61; Hammon on Chattel Mortgages, sec. 21).
The number 2266 may be eliminated from the description, and
the mortgage is still valid as against these defendants. The
evidence establishes beyond question that plaintiffs are entitled
to prevail, and that the defendants have not any defense upon
the merits.

The judgment is affirmed.

*Affirmed.*


MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER
and GALEN concur.