WOODY, RESPONDENT, *v.* SECURITY STATE BANK ET AL.,
APPELLANTS.

(No. 5,114.)

(Submitted April 9, 1923.  Decided April 25, 1923.)

[214 Pac. 1096.]

*Conversion of Chattel Mortgaged Property—Promissory Notes
— Complaint — Sufficiency—Justice Courts—Pleadings—Liberal Construction.*

Conversion of Chattel Mortgaged Property—Promissory Notes—Ownership—Complaint—Sufficiency—Justice Courts.
1. *Held,* in an action for the conversion of wheat covered by a mortgage given as security for a promissory note, commenced in a justice of the peace court, that the complaint alleging that plaintiff was the owner of the note was sufficient as against the objection that it was deficient in not alleging that he was also the holder of it.

Justice Courts—Pleading—Complaint—Sufficiency—Liberal Construction.
2. On appeal from a justice court to the district court, the sufficiency of the complaint must be tested by the rules applicable to the former, and construed with great liberality, plaintiff being required only to state facts sufficient to show the nature of his demand in such a way as to enable a person of common understanding to know what is intended.

*Appeals from District Court, Flathead County; C. W. Pomeroy, Judge.*

ACTION by R. B. Woody against the Security State Bank and another. Judgment for plaintiff. Defendants appeal from the judgment and an order denying them a new trial. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. A. J. Lowary,* for Appellants.

*Messrs. Neffsinger & Walchli* and *Mr. Daniel J. Korn,* for Respondent.

MR. JUSTICE GALEN delivered the opinion of the court.

This action was originally brought in the justice court of Polson township, Flathead county, for the alleged conversion of

certain wheat. On appeal, the cause was tried *de novo* in the district court before a jury and resulted in a verdict and judgment in favor of the plaintiff for the sum of $237.96, with interest and costs. It comes before us on appeal from the judgment and from the order denying defendants' motion for a new trial. The determinative question presented is whether the complaint states a cause of action for conversion.

In substance, it alleges that on June 20, 1920, the defend-**[1]** ant Harry McKenzie executed his promissory note to the plaintiff for $385, due October 1, 1920, with interest thereon from its date at the rate of ten per cent per annum, and that to secure its payment McKenzie executed and delivered to plaintiff a chattel mortgage upon certain personal property including about sixty acres of wheat then growing on certain lands described; that the defendants, on or about the twentieth day of October, 1920, came into possession of the wheat so mortgaged and unlawfully and wrongfully converted to their own use about 132.2 bushels thereof, of the market value of $1.80 per bushel, amounting to the sum of $237.96, and have thereby deprived the plaintiff of his security to the extent of, and to his damage in, that amount; that the plaintiff at the time of such conversion, and ever since the date of the promissory note, has been and now is the owner of the note and of the mortgage so given to secure its payment; that the defendants at the time of the conversion each had actual notice and knowledge of the existence of plaintiff's note and mortgage, and that no part of the note or the interest thereon has ever been paid. A copy of the chattel mortgage was attached to and made a part of the complaint, wherein appears a copy of the promissory note executed by the defendant McKenzie to the plaintiff. The provisions of the chattel mortgage are in usual form covering certain described personal property, including sixty acres of growing wheat on lands described. Among its recitals are provisions entitling the mortgagee in case of default in the payment of the principal or interest as provided for in the note, or if prior to the maturity of the indebtedness, the mortgaged

property or any part thereof is attached, seized or levied upon at the instance of any creditor or creditors of the mortgagor or claimed by any other person or persons, or if the mortgagor or any other person or persons shall remove or attempt to remove such property or any part thereof from Flathead county, or shall conceal, make way with, or in any manner dispose of the same or any part thereof, or attempt so to do, or if the mortgagee shall at any time consider the possession of the property or any part thereof essential to the security for the payment of the note, then and in such events or either of such events, the mortgagee, his agent or attorney, or the sheriff shall have the right to the immediate possession of the property or any part thereof, the mortgagee being given the option to thereupon consider the debt due and proceed to sell the property and apply the proceeds of the sale to the satisfaction of the debt.

The brief and argument of counsel for the defendants are directed chiefly to the insufficiency of the complaint, predicated upon error alleged to have been committed by the trial court in overruling objection to the introduction of testimony at the beginning of the trial, in effect a general demurrer to the complaint; and in not sustaining a motion for a nonsuit at the close of plaintiff's evidence, for the same reason. Counsel argues that the complaint is fatally defective, in that it fails to allege that the plaintiff was the *holder* as well as the *owner* of the note in suit; that the allegation of *ownership* alone is insufficient. In support of this contention the following cases are cited and relied upon: *Harrington* v. *Stromberg-Mullins Co.*, 29 Mont. 157, 74 Pac. 413; *J. I. Case Threshing Machine Co.* v. *Simpson*, 54 Mont. 316, 170 Pac. 12; *Young* v. *Bray*, 54 Mont. 415, 170 Pac. 1044; *Perkins & Co.* v. *Duluth Brewing & Malting Co.*, 58 Mont. 691, 194 Pac. 157; and *Mott* v. *Buckley*, 59 Mont. 278, 196 Pac. 359. These cases all arose on the question of the sufficiency of complaints filed in a court of record, rather than in a justice court, where the rules of pleading are far more liberal. Even so, an examination of those cases dis-

closes that they are without application in support of plaintiff's contention.

In the *Harrington Case,* the complaint was held faulty because of failure to allege ownership and nonpayment of the notes in suit secured by mortgage, at the time of the alleged conversion of the property, and at the date of conversion. In substance, it is there held that the mere allegation that the note was executed does not imply continued ownership or nonpayment. "If the plaintiff was not the owner of the notes at the date of the alleged conversion, or if the notes had been paid, he could have suffered no injury; for a transfer of the notes would operate to transfer the mortgages, or payment of the notes would operate to discharge the mortgages."

In the Case Threshing Machine Co. decision, the notes in suit were payable to J. I. Case Threshing Machine Co. or bearer, and it was held that the complaint was fatally defective for failure to allege that the notes were made, executed or delivered to the plaintiff, that the plaintiff was the owner or holder thereof, and that the amount due was owing to the plaintiff. In the *Young Case* the complaint was held insufficient for failure to allege that the plaintiff held the notes to secure which the mortgage was given, that the note had not been paid, and that plaintiff had some property interest in the property converted. "It is incumbent upon the plaintiff to disclose that she is the real party in interest, and to do so it must be made to appear that at the time this action was commenced, the debt was due to her. Nowhere is it alleged that plaintiff is the owner or holder of the note, and for this reason the complaint is fatally defective."

In the *Perkins Case* it is made clear that the point upon which the appeal turned was the failure of the complaint to allege the ownership of the notes and mortgage to be in the plaintiff. The *Mott Case* involved the sufficiency of the evidence rather than of the complaint.

The rule applicable in such cases is well stated in Corpus Juris, and was quoted with approval by Mr. Justice Hollo-

way, in the Case Threshing Machine Co. opinion, as follows: "Plaintiff must show title to the bill or note in suit or privity between himself and defendant, or that, as the holder thereof, he has the legal right to maintain the action and to recover thereon. * * * In an action by a payee against the maker of a note it is sufficient to allege the execution and delivery of the note to plaintiff." (8 C. J. 885, 886.)

The complaint in the case before us must be tested by the [2] rules of pleading applicable in justice courts, although in our opinion it would withstand objection based on a higher standard of requirement. The justice court being of limited jurisdiction, formal pleadings are not required. (Sec. 9638, Rev. Codes 1921; *Wilcox* v. *Toston State Bank,* 53 Mont. 490, 165 Pac. 292.) The complaint in a justice court must be construed with great liberality, and the plaintiff is required only to state facts sufficient to show the nature of his demand and to enable a person of common understanding to know what was intended. (Sec. 9638, *supra; Moran* v. *Ebey,* 39 Mont. 517, 104 Pac. 522; *Liening* v. *Gould,* 13 Cal. 598; *Aucker* v. *McCoy,* 56 Cal. 524.) A concise written statement of the facts constituting the cause of action, or a copy of the account, note, bill, bond or other instrument upon which the action is based, is sufficient. (*Id.,* sec. 9640; *Stuart* v. *Lander,* 16 Cal. 372, 76 Am. Dec. 538.)

Plaintiff's complaint was clearly sufficient. Other errors assigned being nonprejudicial to defendants' substantial rights or wholly without merit, the judgment is affirmed.

*Affirmed.*

Mr. Chief Justice Callaway and Associate Justices Cooper, Holloway and Stark concur.