PHELAN, RECEIVER, APPELLANT, *v.* MILLER, SHERIFF, ET AL., RESPONDENTS.

(No. 5,066.)

(Submitted September 15, 1923.  Decided December 20, 1923.)

[222 Pac. 416.]

*Conversion of Mortgaged Chattels—Action Against Third Party — Promissory Notes—Ownership—Complaint—Insufficiency.*

1. In an action for the conversion of mortgage chattels brought by plaintiff mortgagee out of possession, against a third party, the plaintiff must allege that at the date of the conversion he was the owner and holder of the note to secure which the mortgage was given; in the absence of such an allegation the complaint does not state a cause of action.

*Appeal from District Court, Teton County; John J. Greene, Judge.*

69 Mont.—19

ACTION by John T. Phelan, receiver of the Benton State Bank, against William Miller, Sheriff for Teton County, and another. Judgment for defendants and plaintiff appeals. Affirmed.

*Messrs. Pray, Callaway & Toole* and *Messrs. Stranahan, Towner & Clark,* for Appellant; *Mr. Warren Toole* argued the cause orally.

It was not necessary for the plaintiff to expressly allege that it was the owner and holder of the notes and chattel mortgage.

In *J. I. Case Threshing Machine Co.* v. *Simpson,* 54 Mont. 316, 170 Pac. 12, this court said: "In an action by the payee against the maker of a note it is sufficient to allege the execution and delivery of the note to plaintiff." In the last cited case it was not alleged that the notes were delivered to the plaintiff, or, as an alternative to disclose that the action was prosecuted in the name of the real party in interest, that either the plaintiff was the owner or holder thereof, or that the amount due upon the indebtedness was due to the plaintiff.

The quotation last set forth is predicated on the statement set forth in 8 Corpus Juris, 886, which text is in turn based upon the following decisions, *inter alia: Dysert* v. *Weaver,* 46 Cal. App. 576, 189 Pac. 492; *Shasta Bank* v. *Boyd,* 99 Cal. 604, 34 Pac. 337; *Yellow Jacket Gold etc. Min. Co.* v. *Holbrook,* 24 Cal. App. 687, 142 Pac. 128; *Ullery* v. *Brohm,* 20 Colo. App. 389, 79 Pac. 180; *Doty* v. *Irwin-Phillips Co.,* 15 Colo. App. 96, 61 Pac. 188; *Embree* v. *Emerson,* 37 Ind. App. 616, 74 N. E. 44; *Keteltas* v. *Myers,* 19 N. Y. 231; *Bryan* v. *Wharton Bank etc. Co.* (Tex. Civ.), 174 S. W. 827; *Frank* v. *J. S. Brown Hardw. Co.,* 10 Tex. Civ. 430, 31 S. W. 64; *Duty* v. *Sprinkle,* 64 W. Va. 39, 60 S. E. 882.

An allegation that "defendant made his promissory note in writing and thereby promised to pay plaintiff" is sufficient to show ownership of the note in the plaintiff. (*Hook* v. *White,*

36 Cal. 299; *Moss* v. *Cully,* 1 Or. 147, 62 Am. Dec. 301.) So, too, a declaration in debt on a note averring that defendant made his certain promissory note and thereby promised to pay plaintiff the amount named in the note sufficiently alleges the plaintiff's ownership. (*Boyd* v. *Beebe,* 64 W. Va. 216, 17 L. R. A. (n. s.) 660, 61 S. E. 304.)

From a consideration of the foregoing authorities it is manifest that the rule has no particular or exclusive application to a suit against the maker of the note, but that its application is general, being based upon a presumption of law embodied in our Code of 1921 as subdivision 32 of section 10606, to the effect that a thing once proved to exist continues as long as is usual with things of that nature.

*Messrs. O'Leary & Doyle,* for Respondents, submitted a brief; *Mr. D. W. Doyle* argued the cause orally.

Citing: *Harrington* v. *Stromberg-Mullins Co.,* 29 Mont. 157, 73 Pac. 413; *Young* v. *Bray,* 54 Mont. 415, 170 Pac. 1044; *Perkins & Co.* v. *Duluth B. & M. Co.,* 58 Mont. 691, 194 Pac. 157; *J. I. Case Threshing Mach. Co.* v. *Simpson,* 54 Mont. 316, 170 Pac. 12.

HONORABLE WM. H. POORMAN, District Judge, sitting in place of MR. CHIEF JUSTICE CALLAWAY, disqualified, delivered the opinion of the court.

This is an action in conversion. Judgment was entered for defendants and plaintiff appeals therefrom. The complaint is in two counts, both of which relate to the same indebtedness and the same transaction. In so far as necessary to present the question here considered, it is alleged, in substance, that on the twentieth day of October, 1917, one R. D. Beckner made, executed and delivered his two certain promissory notes to the plaintiff, wherein he promised to pay to the plaintiff certain sums of money, and that to secure the payment thereof he (Beckner) made, executed and delivered to the plaintiff

a chattel mortgage upon certain livestock. The complaint also contains allegations relative to nonpayment, seizure and conversion of part of the stock by the defendants, demand, refusal and value of the stock so alleged to be converted. The defendants answered. A demurrer was sustained to the affirmative defense alleged in the answer and no replication was either filed or required. The complaint contains not any allegation of ownership of the note by the plaintiff other than the statement that Beckner made, executed and delivered the notes and mortgage to the plaintiff. Before the introduction of proof, the defendant interposed a general objection to the admission of any evidence, upon the ground that the complaint fails to state a cause of action. This objection was overruled by the court, and at the close of testimony submitted by plaintiff the defendant moved the court to dismiss the action for the reason (1) that the complaint fails to state facts sufficient to state a cause of action against the defendants or either of them; (2) for the reason that the plaintiff has failed to prove facts sufficient to make out a cause of action against the defendants or either of them; and (3) that the complaint is insufficient for the further reason that it fails to state that the plaintiff was the owner of the notes and mortgage at the time the cattle were attached or at any other time. The court sustained the motion made by the defendant and thereafter judgment in nonsuit was made and entered in favor of defendants and against the plaintiff.

The errors assigned by appellant are: (1) The court erred in granting motion for nonsuit or dismissal upon submission of plaintiff's evidence; (2) the court erred in giving and entering judgment for defendants and against the plaintiff.

The respondent seems to rely wholly upon the claim made **[1]** by him that the complaint is insufficient for the reason that there is an insufficient allegation of ownership of the notes and mortgage by the plaintiff at the date of the alleged conversion of the mortgaged chattels. The question here con-

sidered is directed to the sufficiency of the complaint to state a cause of action.

It is true, as claimed by appellant, that it is the policy of our Practice Act that the most liberal rules of construction should be applied to pleadings in civil cases. (*Woodward* v. *Melton,* 58 Mont. 594, 194 Pac. 154; *Moore* v. *Crittenden,* 62 Mont. 309, 204 Pac. 1035.)

Many cases are also cited by the appellant to the effect that an allegation that the defendant made, executed and delivered a note to the plaintiff is sufficient. 8 Corpus Juris, 886, is also cited, where the cases are collected.

This court has quoted the rule there stated, namely: "In an action by the payee against the maker of the note it is sufficient to allege the execution and delivery of the note to the plaintiff." (*J. I. Case Thresh. Mach. Co.* v. *Simpson,* 54 Mont. 316, 170 Pac. 12.) However, the action in this case is against third parties who are not parties to either the note or the mortgage. The precise question here involved was before this court in *Harrington* v. *Stromberg-Mullins Co.,* 29 Mont. 157, 74 Pac. 413. There, as here, the action was by a mortgagee out of possession against a third party whom he claimed had converted certain mortgaged property, and there, as here, the only allegation of ownership was that the third party had executed and delivered to the plaintiff the notes in question, but the court held that such allegations were insufficient; that in such an action it was necessary that the plaintiff allege "that at the date of the conversion he was the owner and holder of the notes in question." This decision has been referred to and affirmed in subsequent cases. (*Young* v. *Bray,* 54 Mont. 415, 170 Pac. 1044; *J. I. Case Thresh. Co.* v. *Simpson, supra; Perkins & Co.* v. *Duluth Brew. & Malt. Co.,* 58 Mont. 691, 194 Pac. 157.) The rule laid down in these cases has been followed for many years with reference to pleading in the district court. This court in a later case considered the sufficiency of pleading in an action of conversion in a justice court. (*Woody* v. *Security State Bank,* 67 Mont. 109, 214 Pac. 1096.)

The complaint filed does not state a cause of action based upon the ownership of the note at the time of the conversion.

Paragraph 6 of the second count of the complaint, after alleging the seizure of the property by the defendant, contains this statement: "That at the time of said levy, attachment, and seizure, the plaintiff was the owner, in possession of, and entitled to the possession of said goods and chattels, and the whole thereof." If we assume that this allegation in this complaint states a cause of action independently of the note and mortgage, there is not any evidence whatsoever to sustain it, and the court did not err in sustaining that part of the plaintiff's motion to the effect that the plaintiff "failed to prove facts sufficient to make out a cause of action."

The judgment appealed from is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY, GALEN and STARK concur.

Rehearing denied January 30, 1924.