Nicholas Bride et al., Appellants, v. Joseph W. Stormer et al., Appellees.

Gen. No. 9,225.

Heard in this court at the May term, 1937. Opinion filed June 30, 1937. Rehearing denied October 7, 1937.

ERNEST J. HENDERSON, of Minonk, ORMAN RIDGELY, of Eureka, NATHAN WEISS and C. R. BIRKETT, both of Peoria, for appellants.

C. L. CONDER, of Pekin, and GEORGE W. HUNT, of Peoria, for appellees.

MR. PRESIDING JUSTICE HUFFMAN delivered the opinion of the court.

This is a foreclosure proceeding brought by appellants, who were the holders of notes secured by a trust deed on certain real estate. The right of foreclosure is not in dispute. It appears that at a sale of the lands herein, made by the master pursuant to a foreclosure decree, the lands were sold to Stormer, who later received a master's deed therefor. After Stormer became the owner of the premises under the master's

deed, he executed four notes aggregating $12,000, payable to himself, and indorsed by him. These notes were secured by a trust deed on the said lands. Henry Denhart was named as trustee in the trust deed. Denhart was president of a banking corporation composed of himself, Frank W. Hopps and H. A. Kingsbury. Their bank operated under the corporate name of Henry Denhart & Company.

The above notes were issued by Stormer under date of March 5, 1925. The appellants became the owners of the several notes in due course. The notes became in default and this foreclosure suit was commenced by appellants in April, 1931. On April 11, 1930, the bank of Henry Denhart & Company was closed by the auditor of public accounts, and subsequently placed under receivership for the purpose of liquidating and winding up its affairs. Stormer had been an employee of that bank for about 22 years. Appellants in their foreclosure suit made the receiver of the bank a party defendant, and also made the three owners of the bank parties defendant, but as to them prayed for no relief. As to Stormer and the receiver of the bank, appellants prayed for the fixing of the amount due them under their notes, for a sale of said premises under the trust deed, the proceeds thereof to be applied upon the satisfaction of their debt, and in case of any deficiency, that a decree therefor be entered against Stormer and the receiver of the bank.

Appellants claim that Stormer, in the purchase of the land, was acting for and on behalf of the bank and that the notes he issued were issued as accommodation paper for the bank; that the bank was the actual owner of the premises and liable upon the notes, and that they were in truth and in fact the obligation of the bank. The receiver answered disclaiming any interest in the premises and denying all allegations going toward the liability of the bank. The cause was referred to the master, who found that Stormer was acting for and on

behalf of the bank, that the debt was that of the bank, and that it was the owner of the equity in the premises to which Stormer held the legal title. The master found that Stormer executed the notes as an accommodation maker for the bank; that he held the legal title in trust for the bank; that the bank was primarily liable on the notes; that a conditional deficiency decree should be entered against the bank; and that Stormer should convey the legal title to the land to the receiver. Objections were filed to the master's report, which were overruled with respect to the controlling features of the case now before this court. The objections as filed were permitted to stand as exceptions. In general, the trial court confirmed the master's report in all respects except as to the power to grant a deficiency decree against the receiver of the bank. It is impossible within the limits of this opinion to discuss the objections of the several parties, as the receiver had 70 objections before the master, in addition to those filed by appellants. Upon sale of the premises, a deficiency resulted in the sum of $16,550.65. The court denied a deficiency judgment against the receiver of the bank, granting same against Stormer alone. It is from the refusal of the court to grant a deficiency judgment against the receiver of the bank that appellants have prosecuted this appeal.

Appellee urges that in a foreclosure proceeding, a deficiency decree cannot be had against a beneficial owner of the land, when such person did not sign the notes secured. It is the position of the appellants that such is a proper procedure and within the power of the court upon a foreclosure proceeding. It is therefore apparent that the controversy in this case makes it necessary to determine the rights of appellants to a deficiency judgment against a third party who did not sign the notes, before the other points raised become material.

The deed of trust was that of Stormer's. The notes involved were signed by him. Nothing is to be found therein obligating the bank to pay his notes. Appellants accepted Stormer's notes as they were executed. The real security was the property pledged for their payment by the trust deed. Under such circumstances, the bank was not rendered liable on the notes. *Sporing v. Dittmeier* (Mo. App.), 213 S. W. 176. Under the statute in this State (Ill. State Bar Stats. 1935, ch. 98, ¶ 38; Jones Ill. Stats. Ann. 89.038; ch. 98, sec. 38, Smith-Hurd 1935, being par. 18 of the Negotiable Instruments Act), no person is liable on a note whose signature does not appear thereon, except as therein otherwise expressly provided. The facts in this case do not bring it within any exception made, and under the above provision of statute, one whose name does not appear on a promissory note cannot be held liable thereon. This rule is recognized in jurisdictions where a similar provision of statute has been adopted. *First State Bank of Phillipsburg v. Mussigbrod,* 83 Mont. 68, 271 Pac. 695; *Harvey v. Dwyer,* 109 W. Va. 676, 158 S. E. 523; *Donner v. Whitecotton,* 201 Mo. App. 443, 212 S. W. 378; *Young v. Bray,* 54 Mont. 415, 170 Pac. 1044. To hold otherwise would be to hold contrary to the express provision of statute. There is no claim here that this was a joint or partnership venture by Stormer and the bank, in which they were mutually interested.

We know of no way to distinguish between the mortgage debt as a whole, as evidenced by the notes, and a deficiency judgment, which necessarily is also based upon the same notes. We do not perceive wherein the fact that the mortgaged property does not sell for enough to discharge the entire debt serves in any way to alter the notes thus secured. A deficiency decree is not based upon the lien of the mortgage, but upon the personal liability to pay the full amount of the indebt-

edness. It arises by virtue of the debt, and it appears that such a creditor is on the same footing as any other judgment creditor. *Strause v. Dutch,* 250 Ill. 326, 331; *Crowder v. Scott State Bank of Bethany,* 365 Ill. 88, 91, 92. A foreclosure in equity is in the nature of a proceeding *in rem,* and is not intended ordinarily to act *in personam.* Without the aid of the statute (Ill. State Bar Stats. 1935, ch. 95, ¶ 18; Jones Ill. Stats. Ann. 83.18), a mortgagee would be remitted to an action at law upon the note for a deficiency. *Lewis v. Matteson,* 257 Ill. App. 1, 5.

It is generally considered, except in States having an express provision of statute to the contrary, that the holder of a mortgage cannot join a third party claimed to be liable for the debt, with the mortgagor, in an action of foreclosure, for the purpose of obtaining a judgment for a deficiency against him. This rule was recognized in this State as far back as the case of *Walsh v. VanHorn,* 22 Ill. App. 170. A similar holding is to be found in *Christensen v. Niedert,* 259 Ill. App. 96, 103, 104, 105; *Shiel v. Chicago Title & Trust Co.,* 262 Ill. App. 410; *Elkhart State Bank v. Schlarman,* 270 Ill. App. 440, 452 (certiorari denied); and *Nelson v. Zemans,* 275 Ill. App. 447, 456.

Appellee filed a motion to dismiss the appeal. In view of the fact the decree is affirmed, we do not consider a disposition of the motion necessary. Neither are the points raised in the cross appeal considered necessary in the disposition of this case, as made.

For the reasons above assigned, the decree is affirmed.

*Decree affirmed.*