REYNOLDS, RESPONDENT, *v.* SMITH, APPELLANT.

(No. 3,323.)

(Submitted October 20, 1913. Decided October 23, 1913.)

[135 Pac. 1190.]

*Justices of the Peace—Jurisdiction—Causes of Action—Misjoinder—Demurrer.*

Justices of the Peace—Jurisdiction.

1. The jurisdiction of a justice's court is not dependent upon the amount which one might recover if he saw fit to make the demand, but upon the amount which he actually asks for; hence where plaintiff might, under section 2091, Revised Codes, have sued for $350 because of the wrongful rescue of animals which had been trespassing upon his premises, but his demand was for only $286, the court had jurisdiction of the cause.

Same—Causes of Action—Misjoinder—Demurrer.
2. So long as causes of action joined in one complaint are of such a character that a justice's court has. jurisdiction of each of them, and the aggregate of the demands does not exceed $300, a·demurrer for misjoinder does not lie in such a court.

*Appeal from District Court, Ravalli County; R. Lee McCulloch, Judge.*

ACTION by Fred Reynolds against Horace Smith. From a judgment for plaintiff, defendant appeals. Affirmed.

Cause submitted on briefs of counsel.

*Mr. E. O. Lewis,* for Appellant.

*Mr. George T. Baggs,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Action to recover $6 damages for trespass and $280 penalty for the wrongful rescue of fourteen head of trespassing animals. The cause originated in a justice of the peace court, was appealed to the district court, and from a judgment therein favorable to the plaintiff, the defendant has prosecuted this appeal.

1. Section 2091 of the Revised Codes provides a penalty "of not less than five nor more than twenty-five dollars for each animal" wrongfully rescued from one upon whose premises such animals are trespassing, and, since the complaint discloses that fourteen animals were rescued, it is contended that the justice of the peace court had no jurisdiction because plaintiff might have recovered $350, the maximum penalty prescribed. Subdivision 4 of section 6286, Revised Codes, reads as follows: [1] "The justice courts have jurisdiction: * * * (4) In actions for a fine, penalty, or forfeiture, not exceeding three hundred dollars, given by statute, or the ordinance of an incorporated city, or town. * * * " The meaning intended to be conveyed by this statute is that the jurisdiction of the justice of the peace court extends to an action for the recovery of

a fine, penalty, or forfeiture given by statute or ordinance, where the amount in controversy does not exceed $300. Under such a statute the jurisdiction of the court is not dependent upon the amount which plaintiff might recover, but upon the amount which he demands. This question has been determined so often that it is now beyond the range of controversy. (11 Cyc. 775; 1 Ency. Pl. & Pr. 703; Brown on Jurisdiction, 2d ed., sec. 19b.) The principle of the rule is recognized by the Code (sec. 7052, Rev. Codes), which allows the prevailing party to remit any excess over the amount fixed as the limit of the jurisdiction of a justice of the peace court.

2. In the justice's court the defendant interposed a demurrer for misjoinder of causes of action, and now contention is made that the objection raised should have been sustained. Section [2] 7008, Revised Codes, provides that a defendant in a justice of the peace court may demur to the complaint upon any ground of demurrer enumerated in the district court Practice Act, except the one ground "that causes of action have been improperly united." In this exception is disclosed the legislative design to make the justice of the peace court a forum serviceable to the people, where litigation may proceed without the aid of attorneys or those familiar with the rules of pleading, and to encourage the assertion by a party of all existing claims in one action and avoid multiplicity of suits. The legislature thus opened the way for the joinder, in one complaint, of all the causes of action which a plaintiff has against his adversary, provided only that they be of such character that the justice of the peace court has jurisdiction of each of them, and that the aggregate of the demands does not exceed $300. The language employed in *Oppenheimer* v. *Regan*, 32 Mont. 110, 79 Pac. 695, is to be understood in the light of the facts of that case. There was not any question of misjoinder involved, and this court's observation upon subdivision 4, sec. 66, Code of Civil Procedure (now subdivision 4 of section 6286, above), was designed to characterize a single cause of action which might arise under that statute,

and was not intended to establish a rule that such a cause of action cannot be joined with any other.

The judgment is affirmed.

'*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.