LAMBERT, APPELLANT, *v.* HELENA ADJUSTMENT CO. ET AL., RESPONDENTS.

(No. 5,369.)

(Submitted January 9, 1924.  Decided February 2, 1924.)

[222 Pac. 1057.]

*Forcible Entry and Detainer—Justices of the Peace—Jurisdiction—Complaint—Liberal Construction—Surplusage.*

Justices of the Peace—Technical Rules of Pleading not Applicable.
    1.  Technical rules of pleading should not be applied in a justice's court, and a complaint filed therein must be construed with great liberality.

Same—Forcible Entry—Complaint—Sufficiency.
    2.  Complaint in a justice's court in an action for forcible entry, alleging *inter alia* that defendant forcibly entered on the premises and in a forcible manner ejected the plaintiff, etc., *held*, sufficient to show that the acts were done violently, "force" and "violence" as the latter terms are used in section 9887, Revised Codes of 1921, with relation to forcible entry and detainer, being synonymous.

Pleadings—Complaint—When Sufficient as Against General Demurrer.
    3.  If upon any theory the complaint in an action the subject matter of which is cognizable by the court states a cause of action, it is proof against attack by general demurrer.

Justices of the Peace—Forcible Entry—Complaint—Surplusage.
    4.  Since neither title to nor the right of possession of real property can be made an issue in an action for forcible entry and detainer, allegation of either in a complaint in an action of that nature before a justice of the peace, may be treated as surplusage and the complaint, otherwise sufficient, upheld.

Same—Forcible Entry—Not Subject to Certification to District Court.
    5.  *Obiter:* Since allegations relating to title to or possession of real property are not pertinent to forcible entry and unlawful detainer

cases and if pleaded are surplusage, such an action is not subject to certification to the district court under section 9625, Revised Codes of 1921.

Same—Appeal to District Court—Trial *De Novo.*
6. On appeal from the judgment of a justice of the peace on a complaint a demurrer to one count of which he had sustained, the entire case was brought to the district court for trial *de novo,* including an examination into the correctness of the ruling of the justice as to the insufficiency of the count. .

Same—Ejectment—Jurisdiction.
7. The justice's court has not jurisdiction of a cause of action in ejectment.

*Appeal from District Court of Lewis and Clark County;*
*A. J. Horsky, Judge.*

ACTION by Emma Odom Lambert against the Helena Adjustment Company and others. On appeal from a justice of the peace court the district court dismissed the action and plaintiff appeals. Reversed.

*Mr. W. T. Pigott* and *Mr. Hugh R. Adair,* for Appellant, submitted a brief and one in reply to that of Respondents, and argued the cause orally.

*Mr. C. A. Spaulding,* for Respondents, submitted a brief and argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This action was brought in a justice's court of Helena township. The complaint is in two counts, the allegations of which will be commented upon presently. Defendants demurred to each count. The court sustained the demurrer to the first count; overruled it as to the second. Defendants having answered to the second count, trial was had before a jury which found the issues for the plaintiff, assessing her damages at $88. The court trebled the amount, and rendered judgment for plaintiff for the sum of $264 and costs of suit. From this judgment defendants appealed to the district court. After perfecting their appeal the defendants moved the dis-

trict court to vacate and set aside the judgment rendered in the justice's court and to dismiss the action. The district court entered a judgment sustaining the motion therein ordered that the judgment be vacated and set aside, and the action dismissed, with costs in favor of defendants. From this judgment the plaintiff has appealed.

While several grounds were stated in the motion to dismiss upon which the district court based its judgment, the focal question is contained in the first ground which is that the "action is one over which a justice court has not jurisdiction."

In order to determine whether the justice's court had jurisdiction of the action it becomes necessary to pass upon the sufficiency of the first count to which the justice of the peace sustained the demurrer. In that count the plaintiff in paragraph 2 alleges "that at all times hereinafter mentioned the plaintiff was and is now the owner in fee and entitled to the peaceable, actual, and immediate possession" of the property, describing it sufficiently. In paragraph 3 she alleges "that on or about the twenty-sixth day of May, 1922, and while the plaintiff was such owner and was in possession of said lands and tenements, the defendants forcibly entered thereon, and in a forcible manner ejected the plaintiff and the plaintiff's tenant, and put her out of said lands and tenements and took possession of said lands and property, and that said defendants now are in possession of said premises and property, continuing to hold same without plaintiff's consent and against her will." In the fourth paragraph plaintiff recites that she had served upon the defendants a written notice to quit the premises and to deliver up the possession thereof, notifying the defendants of the amount of damages which were due to plaintiff, which notice and demand was served upon the defendants five days prior to the commencement of the action. A copy of the notice is attached to the complaint as an exhibit. There is not any claim for damages in this count.

Section 9887, Revised Codes of 1921, reads in part: ''Every person is guilty of a forcible entry who either: 1. By breaking open doors, windows, or other parts of a house, or by any kind of violence or circumstance of terror enters upon or into any real property or mining claim. * * * ''

A complaint in justice's court must be construed with great [1] liberality. (*Woody* v. *Security State Bank,* 67 Mont. 109, 214 Pac. 1096.)  A justice's court is the forum of the laity.  A man without knowledge of the rules of pleadings may appear for himself or for another.  It was never intended that the strict and technical rules of pleading should be applied to the parties in that tribunal. (11 R. C. L. 1175.)  And so section 9638, Revised Codes of 1921, provides that the pleadings in that court are not required to be in any particular form but must be such as to enable a person of common understandng to know what is intended.

From the language of section 9887 *supra,* it will be seen that [2] one who by any kind of violence enters upon or into any real property is guilty of a forcible entry.  The count charges that, while the plaintiff was in possession of the premises, the defendants forcibly entered thereon, and in a forcible manner ejected the plaintiff, took possession of the premises and still hold the same without plaintiff's consent and against her will.  The allegation that defendants entered the premises in a forcible manner and so ejected the plaintiff is equivalent to saying that they entered by violence, and ejected plaintiff by violence.  The words force and violence and their adjectives, as employed in forcible entry and detainer, are synonymous.  ''In cases of forcible entry,'' says Webster's New International Dictionary, ''the word 'force' is generally interpreted as including, not only actual application of physical force, but such threats or display of physical force as are reasonably calculated to inspire fear of death or bodily harm.''  Force is strength applied or exerted—violence. (Anderson's Dictionary of Law.)  Force is unlawful violence.  The term ''violence'' is synonymous with ''physical force,'' and the two

are used interchangeably in relation to assaults, by elementary writers of criminal law.  (Black's Law Dictionary.)

The first count therefore states a cause of action in forcible entry.

But defendants say, when the plaintiff alleged herself to be **[3, 4]**  the owner in fee and entitled to the possession of the premises she stated a cause of action of which the justice's court has not jurisdiction under the provisions of section 21 of Article VIII of the Constitution, which provides that "justices' courts shall not have jurisdiction in any case involving the title or right of possession of real property."

The rule is that, if upon any theory the complaint states a cause of action, the subject matter being cognizable by the court, it will be held sufficient against attack by general demurrer.  (*Baker* v. *Butte Water Co.,* 40 Mont. 583, 135 Am. St. Rep. 642, 107 Pac. 819.)  By rejecting the allegation respecting title the complaint states a cause of action for forcible entry.  Neither the title to nor the right of possession of the premises in controversy in such an action is or can be made an issue.  (*Sheehy* v. *Flaherty,* 8 Mont. 365, 20 Pac. 687; *Brand* v. *Servoss,* 11 Mont. 86, 27 Pac. 407.)  Title not being in issue, averment of it in the complaint may be treated as surplusage.  (12 Cal. Jur. 617; 26 C. J. 843; *Chicago, M. & St. P. Ry. Co.* v. *Nield,* 16 S. D. 370, 92 N. W. 1069; *Heiney* v. *Heiney,* 43 Or. 577, 73 Pac. 1038.)  Such is the practical effect of *Spellman* v. *Rhode,* 33 Mont. 21, 81 Pac. 395; and see *State ex rel. Lott* v. *District Court,* 33 Mont. 356, 359, 83 Pac. 597.)

*Obiter:* The certification of a cause by a justice of the peace **[5]**  to the district court according to section 9625, Revised Codes of 1921, providing that such may be done when the determination of the action will necessarily involve the question of title or possession to real property, does not permit certification in forcible entry and unlawful detainer actions.

The case may be certified under that section when the allegation or plea of title is pertinent to the action, which it is

not in forcible entry and unlawful detainer cases. (*Bridges* v. *Branam,* 133 Ind. 488, 33 N. E. 271; *Baker* v. *Southern Cal. Ry. Co.,* 110 Cal. 455, 42 Pac. 975.)

It follows that the justice was in error in sustaining the de- [6] murrer to the first count of the complaint. The justice's court having had jurisdiction, the district court on appeal had also. Upon appeal from the judgment the entire case was brought to the district court for trial *de novo.* That court should have examined into the sufficiency of the first count and have overruled the demurrer which the justice of the peace erroneously had sustained.

The action of the district court in so far as it had to do [7] with the second count was correct. This count, if it states a cause of action at all, states one in ejectment of which the justice's court clearly has not jurisdiction. (*Lott Case, supra*). It does not state a cause of action either in forcible entry, forcible detainer, or unlawful detainer. The allegations thereof by any possible construction do not come within the provisions of sections 9887, 9888, 9889, Revised Codes of 1921, or either of them.

Other interesting questions presented in the very able briefs submitted by counsel for respective parties are not necessary to be determined in this action.

The judgment is reversed, with directions to the district court to overrule the demurrer to the first count of the complaint.

*Reversed.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY, GALEN and STARK concur.