MALANO, APPELLANT, *v*. BRESSAN, RESPONDENT.

(No. 5,924.)

(Submitted May 14, 1926.   Decided May 29, 1926.)

[245 Pac. 871.]

*Justices' Courts—Pleadings—Liberal Construction—Entry in Docket — Statutes — Construction — Partnership—Action Between Partners—Pleadings—Evidence—Admissibility Under General Denial—Directed Verdict—Motion by Both Parties— Theory of Case—Appeal.*

Appeal—Theory of Case.
1.   Where a cause was tried in both the justice and district court on the theory that issue had been joined, appellant is not in a position to contend to the contrary on appeal in the supreme court.

Justices' Courts—Pleadings—Entry in Docket—Statutes—Construction.
2.   Under the rule that the pleadings in a justice court as well as the statutory requirements with relation thereto must be liberally construed, *held* that section 9638, Revised Codes of 1921, requiring that if a pleading be oral its substance must be entered in the docket, and section 9703 declaring that the justice must enter therein a concise statement of the material parts of all oral pleadings, mean no more than that he shall enter such a recital thereof as would advise a person of common understanding of the nature of the pleadings.

Same—Pleadings—Oral General Denial—Entry in Docket—What Sufficient
3.   A general denial has no "parts" within the meaning of section 9703 above, providing that if a pleading in the justice court be oral an entry shall be made in the docket containing a concise statement of the "material parts," hence an entry that defendant interposed an oral general denial is sufficient.

Pleadings—General Denial—Evidence Admissible.
4.   A general denial puts in issue every material allegation of the complaint and casts upon plaintiff the burden of establishing each essential fact by a preponderance of the evidence, and where plaintiff has made a *prima facie* case by testifying to all his material allegations, defendant under his general denial may introduce any evidence which tends to controvert any one of them, and if successful in overcoming plaintiff's *prima facie* case or in establishing an equipoise in the proof, he is entitled to a verdict.

Partnership—Action Between Partners for Recovery of Money Deposited by Plaintiff as Individual—General Denial—Evidence Admissible.
5.   In an action by a partner against his copartner to recover money alleged to have been deposited by him individually in a

[76 Mont. 366.]

joint fund to be used by himself, defendant and another in a private venture, and wrongfully withdrawn by defendant, evidence introduced by the latter that the money deposited belonged to the partnership tended to overcome the *prima facie* case made by plaintiff and to defeat plaintiff's recovery as an individual, and was admissible under a general denial. (See par. 4, above.)

Pleading and Practice—Motion for Directed Verdict—Applicability of Rule.

6. *Quaere:* Does the rule that where both parties move for a directed verdict their action amounts to a submission of the cause as upon an agreed statement of facts, apply where, both sides having rested, defendant moved for an instructed verdict, whereupon, the motion having been denied, plaintiff made a like motion in his favor?

Instructions—When Properly Refused.

7. An offered instruction containing matter not in issue and not supported by the evidence may be properly refused.

---

[1]　Appeal and Error, 3 C. J., sec. 623, p. 729, n. 8 New.
[2, 3]　Justices of the Peace, 35 C. J., sec. 57, p. 488, n. 28; sec. 226, p. 612, n. 98; p. 613, n. 1; p. 614, n. 11; sec. 230, p. 622, n. 54, 55; sec. 232, p. 624, n. 80; sec. 377, p. 713, n. 58.
[4, 5]　Appeal and Error, 4 C. J., sec. 3057, p. 1068, n. 22. Partnership, 30 Cyc., p. 461, n. 29; p. 475, n. 25; p. 589, n. 11. Pleading, 31 Cyc., p. 678, n. 56; p. 679, n. 61; p. 694, n. 72. Trial, 38 Cyc., p. 1613, n. 16.

*Appeal from District Court, Silver Bow County; George Bourquin, Judge.*

Action by Joe Malano against Victor Bressan. From a judgment for defendant, plaintiff appeals. Affirmed.

*Mr. N. A. Rotering,* for Appellant, submitted a brief, and argued the cause orally.

*Messrs. Lamb & Malloy,* for Respondent, submitted a brief; *Mr. Dan T. Malloy* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

On September 8, 1924, the plaintiff, Joe Malano, filed a complaint in the justice court of Silver Bow township, in which it was alleged that in the month of July, 1923, $1,000 was deposited in a Butte bank as security for payment on a proposed

---

6.　See 26 R. C. L. 1081.
7.　See 14 R. C. L. 784.

shipment of California grapes, of which amount the plaintiff furnished $250, the defendant a like amount, and one Joe Bergamo $500; that the amount deposited by plaintiff always remained his property; that the grapes were not shipped and thereafter defendant withdrew plaintiff's money from the bank, and that on August 19, 1924, plaintiff made demand upon defendant for the amount, which demand was refused. The defendant entered a general denial, orally, and thereupon the justice of the peace made the following entry in his docket: "Oral general denial entered by defendant." A trial was had in the justice court on the issues thus joined and resulted in judgment for defendant.

Plaintiff appealed to the district court where the cause was tried November 19, 1925, on the pleadings filed in the justice court. After all of the evidence was in and both sides had rested, defendant moved for an instructed verdict, which motion was overruled by the court, whereupon plaintiff moved that the court instruct the jury to return a verdict in his favor. In overruling this motion, the court stated that, coming after the court had ruled upon defendant's motion, the presentation was not equivalent to the submission of the case on an agreed statement of facts and that it was a proper case to go to the jury. The jury was duly instructed and thereafter returned a verdict in favor of defendant and against plaintiff.

Plaintiff moved for a new trial, which motion was denied. He then appealed from the judgment and has made ten specifications of error; one to four, inclusive, are predicated upon the admission, over plaintiff's objection, of certain testimony tending to prove that the money deposited by plaintiff and defendant was partnership money; specification five is based upon the court's action in denying his motion for a directed verdict; the three succeeding specifications are predicated upon the giving of two certain instructions and the refusal to give an offered instruction, and, as they involve the same contention, are treated jointly. The remaining specifications are predicated upon the entry of judgment and the overruling of the motion for a new trial and are dependent upon the correctness of plaintiff's contentions as to the former specifications.

[76 Mont. 366.]

The evidence is very brief and a synopsis thereof will illustrate the opposing positions of the parties as to all alleged errors in the case. The parties to the action were the only witnesses.

Plaintiff testified that he put up $250 of his own money as a part of a fund toward which Bressan contributed $250 and Bergamo $500; that thereafter Bressan withdrew plaintiff's money from the bank, and that, on August 19, 1924, he demanded the money from Bressan, who refused to pay it over to him. On cross-examination, over the objection of counsel that the evidence sought to be elicited was not within the issues made by the general denial, plaintiff admitted that a partnership in a soft-drink parlor existed between himself and defendant from February, 1923, to May 14, 1924, and that he did not deposit the money in controversy personally but that he gave the cash to defendant for that purpose. He was then shown a check from the firm of Malano & Bressan to the Butte bank for the sum of $500, dated July 12, 1923, and asked if this check was not given by the partnership as its part of the deposit. This he denied. This evidence went in under the objection above noted. On redirect plaintiff was asked if the transaction was a separate venture by each of the parties individually, to which question he answered, "Yes, sir." Plaintiff then rested.

Defendant testified that he and the plaintiff entered into a general partnership in February, 1923, and that "as long as we stay in business we were in partnership in money and everything"; that on May 14, 1924, he purchased all interest of the plaintiff in the partnership. He further testified that the agreement to purchase grapes was made on July 12, 1923, the partnership agreeing to take half of the shipment and Bergamo the other half, and that he thereupon drew the partnership check for its half on partnership funds then in the same bank. Counsel then offered the canceled check in evidence, whereupon plaintiff objected to its reception upon the ground that "there isn't any inference contained in the answer that any of the money of the $1,000 was partnership money of Bressan and Malano." The objection was overruled and the check admitted.

On cross-examination defendant admitted that the partnership did not sell grapes in the soft-drink parlor. On redirect he was asked the question: "You folks, together with other people down there, purchased grapes in California and sold them to individuals, did you?" To which question plaintiff interposed the objection that the fact was not within the issues made by the pleadings. The objection was overruled, and the defendant answered: "Yes, we sell lots."

1. Plaintiff's first contention is that defendant did not, technically speaking, plead to the complaint, as no "pleading" appears in the record; that if an answer was interposed, the justice should have entered in his docket a concise statement of the material parts thereof. This contention merits no consideration here, as the trials were had in the justice court and [1] district court upon the theory that issue had been joined, but for the purpose of determining the nature of the plea interposed with reference to the next contention, we will dispose of it.

Pertinent provisions found in the Revised Codes of 1921 are as follows: Section 9638 declares that "pleadings in justices' courts: 1. Are not required to be in any particular form, but must be such as to enable a person of common understanding to know what is intended; 2. May, except the complaint, be oral or in writing; * * * 5. If oral, an entry of their substance must be made in the docket"; while section 9642 provides that "the answer may contain a general denial of any or all material facts stated in the complaint, * * * and also a statement of any other facts containing a defense or counterclaim," *etc.* With reference to the contents of the justice's docket, section 9703 provides that it shall contain "a minute of the pleadings and motions, if in writing * * *; if not in writing, a concise statement of the material parts of the pleadings." It is therefore apparent that the answer may be by oral general denial and that no particular form need be observed.

"The justice court is a forum of the laity where a man, without knowledge of the rules of pleading may appear for

himself or another'' and ''it was never intended that strict and technical rules of pleading should be applied to the parties in that tribunal.'' (*Lambert* v. *Helena Adjustment Co.,* 69 Mont. 510, 222 Pac. 1057.) The pleadings in such a court are to be construed with great liberality (*Woody* v. *Security State Bank,* 67 Mont. 109, 214 Pac. 1096). As such a court is usually presided over by a person also without knowledge of the rules of pleading, great liberality should be exercised in construing those statutory requirements under which the action of the justice affects the substantial rights of litigants in his court.

Section 9638 above, referring specifically to the answer, requires that its ''substance'' must be entered in the docket, while section 9703 requires that the justice must enter in his docket ''a concise statement of the material parts'' of all oral pleadings. These provisions mean no more, under a liberal construction, than that the justice shall enter in the docket such a recitation of the oral plea as would advise a person of common understanding of the substance or exact nature of the defense interposed.

If other defenses than a denial of all of the allegations of the complaint had been entered, it would, of course, have been necessary for the justice to recite the ''material parts'' of such defenses; but the term ''general denial'' has a specific and well-understood meaning (*O'Donnell* v. *City of Butte,* 44 Mont. 97, 119 Pac. 281),—it has no ''parts''; it merely denies all of the allegations of the complaint, and the entry in the justice's docket in set terms that defendant interposed an oral general denial is as effective as though he had stated that defendant orally denied each and every allegation of the complaint.

2. The objections made the bases of specifications one to four inclusive, were based upon the assertion that evidence tending to show that the funds deposited belonged to the parties to the action as copartners was not admissible under a general denial.

The general denial put in issue every material allegation [4, 5] of the complaint and cast upon plaintiff the burden

of establishing each of those essential facts by a preponderance of the evidence, and, the plaintiff having made a *prima facie* case by testifying categorically to all material allegations of the complaint, defendant was entitled, under his general denial, to introduce any evidence which tended to controvert any one of those material facts, and, if successful in overcoming the *prima facie* case made by plaintiff, or in establishing an equipoise in the proof, he was entitled to a verdict. (Sec. 10616, Rev. Codes 1921; *De Sandro* v. *Missoula Light & Water Co.,* 48 Mont. 226, 136 Pac. 711; *Chealey* v. *Purdy,* 54 Mont. 489, 171 Pac. 926.)

As a general rule, a suit between partners cannot be maintained at law (*Freund* v. *Murray,* 39 Mont. 539, 25 L. R. A. (n. s.) 959, 104 Pac. 683) therefore, as plaintiff based his right to recover upon the assertion that he deposited the money in controversy in the bank as an individual, evidence that the money so deposited belonged to the partnership tended to overcome the *prima facie* case made and to defeat plaintiff's recovery as an individual; it was clearly admissible and no error was committed in its reception.

3. Specification number 5 is predicated upon the overruling [6] of plaintiff's motion for a directed verdict. It is doubtful, as suggested by the trial court, that, under the circumstances, the action of the parties amounted to a submission of the case on an agreed statement of facts under the rule announced in *Midland Motor Co.* v. *Norwich Fire Ins. Co.,* 72 Mont. 583, 234 Pac. 482, and cases there cited; but it is not here necessary to decide the question, as it is not argued in plaintiff's brief. (*Lee* v. *Lee Gold Mining Co.,* 71 Mont. 592, 230 Pac. 1091.)

4. The court instructed the jury that (1) "before plaintiff can recover in this action he must establish by a preponderance of the evidence that, during the month of July, 1923, he deposited with the * * * bank * * * by agent or otherwise, out of his individual funds, the sum of $250," and (2) " * * * if they believe from a preponderance of the evidence that * * * said money was funds of the copartnership * * * the plaintiff cannot recover." The

court refused to instruct the jury that "when a partnership is limited to a single venture, not involved in a partnership account, or when but a single item remains unadjusted, or when the parties have partitioned the firm property among them, an action at law will lie, and an accounting in equity is unnecessary."

The first instruction correctly stated the law with respect to the burden resting upon plaintiff under his own theory of the case and his testimony in support thereof (sec. 10616, above; *Chealey* v. *Purdy,* above). The second applies the general rule applicable to partnership transactions in the absence of a settlement or accounting between the partners prior to the time the right of action accrued. (*Freund* v. *Murray,* above; *Boehme* v. *Fitzgerald,* 43 Mont. 226, 115 Pac. 413; *McMahon* v. *Thornton,* 4 Mont. 46, 1 Pac. 724.) In order to put the court in error for failure to qualify this general rule, it was incumbent upon plaintiff to first introduce proof bringing the case within an exception to the rule and then offer a proper instructions covering such proof. The offered instruction covers three exceptions to the rule in one instruction. While the plaintiff testified that the transaction under consideration was but a single venture not connected with the partnership, it was neither alleged nor was proof offered that this was but a single item remaining unadjusted after settlement, or that the parties had partitioned the firm property or settled its affairs prior to the time this right of action accrued. It is true that the record discloses that the partnership was ended by a sale of plaintiff's interest to defendant on May 14, 1924, but it does not appear whether the money on deposit as security for the grape shipment was drawn down before or after that date. If the deposit was made from partnership funds, as claimed by defendant, and was restored to the partnership account in the bank prior to that date, then, on the sale, it passed to the defendant, as he purchased all of the partner-
[7] ship assets. The offered instruction, therefore, contained matter not in issue and not supported by the evidence, and no error was committed in refusing to submit it to the jury.

(*Frost* v. *Long & Co.,* 71 Mont. 141, 228 Pac. 75; *Morgan* v. *Hines,* 65 Mont. 306, 211 Pac. 778.)

5. The remaining specifications are not argued, but they depended solely upon those heretofore discussed, and it follows that no error was committed in the entry of judgment or in denying the plaintiff a new trial.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY, and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.