RHULE, RESPONDENT, v. THRASHER, APPELLANT.

(No. 6,677.)

(Submitted November 13, 1930. Decided November 29, 1930.)

[295 Pac. 266.]

*Mr. Harry Meyer,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Thomas C. Malee,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Defendant has appealed from a judgment in favor of plaintiff. The action was originally brought in a justice court for the recovery of $100, alleged to have been paid by plaintiff to defendant as rent on certain premises, the possession of which was not delivered. Issue was joined by general denial and defendant set up a counterclaim. Judgment went for plaintiff and defendant appealed to the district court; at the commencement of the trial therein, defendant objected to the introduction of any testimony on the ground of insufficiency of the complaint, which objection was overruled. At the close of plaintiff's case defendant moved for a nonsuit on the ground of variance amounting to a failure of proof; the motion was overruled. A verdict for plaintiff having been returned, judgment was duly entered thereon, whereupon defendant moved for a new trial which was denied.

1. It is first contended that the complaint does not state a cause of action in that it fails to allege a breach of contract or in what manner plaintiff was damaged, and further fails to allege that defendant failed to deliver possession of the premises.

The complaint alleges that "plaintiff rented from defendant the front room of the basement of the Park Hotel, known as the dining room, * * * , together with a small room on the east side * * * of said basement, for an agreed price of $100 per month; * * * paid the defendant the sum of $100 for the rent of the above described rooms from January 1, * * * until February 1, 1929," etc. "That on January 2, 1929, plaintiff came to take possession, * * * the defendant refused * * * possession * * * and still refuses to deliver possession of the same to this plaintiff. * * * Defendant also refuses to return to the plaintiff the

rent paid  *  *  *  ; that the whole of said sum is now due, owing and unpaid.''

From the foregoing abstract of the complaint it will be seen that it is alleged therein that defendant refused to deliver possession of the premises and, in ordinary and concise language, it alleges facts showing a contract of rental, performance on the part of plaintiff and a breach on the part of defendant. The action is not strictly one for damages for breach of the contract, but rather for the recovery of the amount paid, on failure of consideration.

The pleadings in justice courts are not required to be in any particular form, but must be such as to enable a person of common understanding to know what is intended; the complaint in such court "is a concise statement, in writing, of the facts constituting the plaintiff's cause of action." (Secs. 9638 and 9640, Rev. Codes 1921.) Under these provisions, such a complaint must be construed with great liberality and the plaintiff is required only to state facts sufficient to show the nature of his demand and to enable a person of common understanding to know what is intended. (*Woody* v. *Security State Bank,* 67 Mont. 109, 214 Pac. 1096; *Lambert* v. *Helena Adjustment Co.,* 69 Mont. 510, 222 Pac. 1057; *Malano* v. *Bressan,* 76 Mont. 366, 245 Pac. 871; *State ex rel. Kennedy* v. *Hubbard,* 77 Mont. 170, 253 Pac. 271.)

Under the liberal construction of pleadings, required by our Codes, whatever is necessarily implied by allegations directly made, or is reasonably to be inferred therefrom, is to be treated as averred directly. (*Cramer* v. *Deschler Broom Factory,* 79 Mont. 220, 255 Pac. 346.)

The complaint sufficiently states a cause of action, and no error was committed in overruling the objection to the introduction of testimony.

2. Error is specified in the court's action in sustaining objections to certain questions propounded on cross-examination of plaintiff. These questions had to do with matters antedating the transaction charged in the complaint and did not tend to prove any issue in the case, unless it be with

reference to the defense thereafter made, and, if so, they were properly excluded at the time propounded.

A further assignment of error is based on the court's exclusion of an answer to the following question also propounded to plaintiff on cross-examination: "Where were you, Mr. Rhule, from January 4th to February 1st?" The alleged failure to deliver possession of the premises occurred on January 2d, if at all, and it was clearly immaterial where the plaintiff was during the period stated, in so far as this action was concerned.

3. Defendant asserts that the court erred in refusing to grant a nonsuit on the ground of variance which, it is contended, amounted to a failure of proof. This contention is based on the fact that, while the complaint alleged the renting of the dining-room, being the first room on the west side of the basement, and also a small room on the east side of the basement, plaintiff's testimony was only to the effect that he rented the dining-room and paid the $100 as rent on that room for the month of January, 1929. He introduced a receipt given him showing the payment "rent of one month * * * for the month ending Feb. 1, 1929."

While a variance which amounts to a failure of proof is subject to a motion for nonsuit, one which is immaterial and could not have misled defendant to her prejudice in making her defense upon the merits, is, under the provisions of section 9183, Revised Codes 1921, insufficient to warrant a reversal of the judgment. (*St. George* v. *Boucher*, 84 Mont. 158, 274 Pac. 489.) For a discussion of the subject of variance, see *Kakos* v. *Byram*, ante, p. 309, 292 Pac. 909.

Here, the action was for the recovery, not of possession of the premises, but of the amount paid as rent, because of the failure of the defendant to place plaintiff in possession of the rented premises; the identity of the rented premises was of secondary importance and the variance immaterial, as defendant could not have been misled thereby. Further, the testimony of plaintiff went in without objection, and, if

necessary, the complaint may be deemed amended to conform thereto. (*Parsons* v. *Rice*, 81 Mont. 509, 264 Pac. 396.)

4. It is next contended that the verdict is against law, in that the jury did not follow the instructions of the court that "unless you believe, from a preponderance of the evidence, that the defendant in this action received $100 from the plaintiff for which she agreed to rent to plaintiff the room on the west side of the Park Hotel, known as the dining room, together with the rear room on the east side thereof, and she refused to turn said room over to plaintiff, then your verdict should be for the defendant as to the plaintiff's cause of action."

It will be noted that, while the instruction contains the insert "together with the rear room on the east side thereof," in effect in parentheses, the singular is thereafter used; "and she refused to turn said *room* over to the plaintiff." The antecedent of "room" is the dining-room, and the jury might well have understood that the instruction had reference only to the dining-room although mentioning the small room. However, where defendant does not stand upon his motion for nonsuit and introduces testimony he does so at the risk of supplying any deficiency in plaintiff's case (*Staff* v. *Montana Petroleum Co.*, ante, p. 145, 291 Pac. 1042), as did defendant here when she testified to having arranged for the occupation by defendant of a small room on the west side of the basement, thus in a measure supporting plaintiff's allegation relative to that room; it is true she testified that plaintiff agreed to pay her $10 per week for the use of this room, but in this she was contradicted by the plaintiff.[1] The question of who told the truth was addressed to the jury. Under the circumstances the use of the singular "room" for the plural "rooms" in the latter portion of the instruction could not have prejudiced defendant. On the whole record the verdict was justified under the instruction above.

5. Finally, it is said that the premises described were rented for an illegal purpose, to-wit, the sale therein

of intoxicating liquor in violation of the federal Prohibition Act.

The fallacy here is that, in order to hold that the contract was illegal, we must adopt defendant's definition of a "soft drink parlor" as "a term used to describe a place where intoxicating liquor is sold in violation of law."

The record discloses that, with the knowledge of defendant, plaintiff had conducted a "soft drink parlor" in the former barroom of the hotel and that, in December, 1928, that room was abated because of the violation of the Prohibition Law therein by plaintiff. It is deducible from the evidence that plaintiff intended to open a soft-drink parlor in the dining-room, but the term "soft drink" is used in contradistinction to "intoxicating liquor" and there is no suggestion in the record that plaintiff intended, or that defendant thought he intended, to again violate the law, if accorded possession of the dining-room. She merely denied that she rented the dining-room to him; while plaintiff testified that she did but refused to give him possession because she said another party had offered her more money for it.

No reversible error appearing in the record the judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, FORD and ANGSTMAN concur.

Rehearing denied February 4, 1931.