RADOSEVICH, Respondent, *v.* ENGLE, Appellant.

(No. 8,003.)

(Submitted January 31, 1941.   Decided March 4, 1941.)

[111 Pac. (2d) 299.]

*Mr. W. W. Mercer, Messrs. Rockwood Brown & Horace S. Davis, Mr. Melvin N. Hoiness and Franklin S. Longan,* for Appellant, submitted an original and a reply brief; *Mr. Davis* argued the cause orally.

*Mr. C. J. Jeffries,* for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

This action was originally brought in the justice court of Roundup township in Musselshell county. In that court judgment was given for the defendant. Subsequently an appeal was taken to the district court of that county and trial was had before a jury which resulted in verdict for the plaintiff and judgment thereon.

There are many specifications of error, and among other questions raised by the specifications is one relative to the sufficiency of the pleadings on the part of the plaintiff. At the time of the trial and after the first witness was sworn and before any testimony was introduced the defendant objected to the introduction of any testimony upon the grounds, ''that the said or so-called complaint designated as an 'account' and the said or so-called supplemental complaint, or either thereof, does not state facts sufficient to constitute a cause of action. Second, that said so-called complaint and the said so-called supplemental complaint, or either thereof, is not a concise statement in writing of the facts constituting plaintiff's cause of action. Third, that the said so-called complaint and the said so-called supplemental complaint, or either thereof, is not alleged so as to enable a person of common understanding to know what is intended. Fourth, that the said so-called complaint and said so-called supplemental complaint is not a copy of the account, note, bill or instrument upon which the action is based.''

The objection was overruled. The objection and specification necessitate consideration in detail of the pleadings. The first pleading in the action, omitting the title of the court and cause, which was entitled simply ''Account'' is as follows:

"Clark Engle in Account With John Radosevich: For rent and for hay, wire, logs, timber, posts, harness and for miscellaneous ranch tools, supplies and equipment....
................................................$300.00"

Nothing further appears in this instrument and except for the title of the court and cause it is given completely in the quotation. A demurrer was filed to this complaint but no ruling appears in the record. The defendant under the provisions of section 9649, Revised Codes, filed a demand for the items of account and for a bill of particulars. Whatever was delivered in response to this demand was not filed in the court. However, the defendant filed an answer in which he admitted owing the plaintiff a stated sum for rent but which sum the answer states he had paid the plaintiff since the commencement of the action.

The defendant then sets out as an exhibit a copy of a lease arrangement between the parties and alleges that it is the only agreement existing between them. This agreement concerns certain real property which the defendant occupied under the lease. In this instrument he agreed to pay certain rental. However, the agreement is silent as to any of the things mentioned in the plaintiff's complaint. Further in the answer the defendant alleges that in response to his demand for a bill of particulars the plaintiff submitted a list of items which appears as follows:

"Memorandum

"Plaintiff is entitled to reimbursement for the following described articles:

| | |
|---|---|
| 1 tent 10x12 | $ 30.00 |
| 1 tepee | 18.00 |
| 1 cycle grainer—sharpener | 7.00 |
| 1 set harness—four collars | 115.00 |
| Timber cut for posts and logs and sold | 100.00 |
| Ten spools galvanized wire | 35.00 |
| Four spools black wire | 12.00 |
| Wind Mill which was ruined by defendant because same was not greased | 105.00 |

508

Cost of returning saddle horse from Billings to ranch.. 2.00
Rent on ranch ....................................
Hay used by defendant and which belonged to plain-
    tiff ....................................... 70.00
Dining room table ............................... 20.00''

Further in the answer defendant alleges that the total of the items as appearing from the bill of particulars exceeds $300, the jurisdictional amount. It appears that this answer was filed on the day the cause was set for trial in the justice court. At that time it is shown by the various motions of counsel in the trial of the cause in the district court and by their briefs the plaintiff presented what he has entitled a supplemental complaint, but it does not appear in the transcript of the justice court proceedings, and which is as follows, omitting the title of the court and cause:

                ''Supplemental Complaint

For rent due October 25th, 1938 ................... $50.00
1 tent 10x12 ..................................... 10.00
1 tepee ......................................... 5.00
1 cycle grainer—sharpener........................ 2.50
1 set harness, four collars ........................ 50.00
10 spools galvanized wire .......................... 25.00
4 spools black wire ............................... 5.00
Cost for returning saddle horse from Billings, Montana
    to ranch ................................... 2.00
Hay used by defendant which belonged to plaintiff 7
    tons ....................................... 70.00
Timber, posts and logs sold by defendant off plain-
    tiff's premises ............................... 30.00
Windmill destroyed by defendant .................. 50.00

Total ..........................................$299.50''

No answer appears to this supplemental complaint, however, even though by appropriate motion the plaintiff sought judgment on the theory that the defendant had failed to answer this supplemental complaint which apparently plaintiff contends was really an amended complaint, the matter proceeded to

trial. We do not believe that, when considered together and given the fullest possible effect, not only to the complaint but also to the so-called bill of particulars and the supplemental complaint, the pleadings are sufficient even in a justice court. Section 9626 of the Revised Codes provides: "An action in a justice's court is commenced by filing a copy of the account, note, bill, bond or instrument upon which the action is brought with a statement of the amount due thereon or a concise statement in writing of the cause of action, either of which is deemed a complaint."

From the title of the original pleading on the part of the plaintiff it would appear that it was his intention to proceed under the first portion of that section, i. e., by filing a copy of the account rather than under the second portion of the section which requires a concise statement in writing of the cause of action. Defendant's brief points out that the items sued on are not ordinarily under the circumstances within the definition of "account" as used in the statute, and with this plaintiff agrees. In his brief he says this: "The decisions cited in support of appellant's theory pertain to action on account based on contract; whereas the memorandum as well as the complaint or account and supplemental complaint each clearly shows the plaintiff is seeking reimbursement or to be indemnified for appellant's misappropriation, damage to and loss of specific personal property not for the purchase of goods sold and delivered. In this case there are none of the elements of account or account stated involving the relationship of debtor and creditor."

If the action here, then, is not on an account as plaintiff admits and as is made apparent by a study of the testimony adduced in support of the complaint, in order for it to be sufficient the complaint, the memorandum and supplemental complaint together must furnish "a concise statement in writing of the cause of action." From the quotation from plaintiff's brief, it is apparent that it is his theory that in reality this is an action based on conversion coupled with an action for damages. So far as the action for rent is concerned that

is no longer before us by reason of the fact that tender of rent was made which was found sufficient by the trial court and the issue of the rent due was not presented to the jury.

Bearing in mind the provisions of the statute last above quoted, and section 9640 and also section 9638, which provides that pleadings in justice's court need not be in any particular form but only that they "must be such as to enable a person of common understanding to know what is intended," and also the various pronouncements of this court to the effect that technical rules of pleading should not be applied to the justice courts and that a complaint filed therein must be construed with great liberality (*Lambert* v. *Helena Adjustment Co.*, 69 Mont. 510, 222 Pac. 1057; *Rhule* v. *Thrasher*, 88 Mont. 468, 295 Pac. 266, and many others), we are still constrained to hold the pleadings insufficient. We have examined all the cases touching this point in this jurisdiction and in California in addition to decisions from many other states. We have been unable to find any case on all fours with this; but see *Barrett* v. *Shipley*, 63 Mont. 152, 206 Pac. 430, where the complaint in claim and delivery was conceded insufficient in a justice's court in the absence of an allegation of right of possession. In most of the actions where the question of the sufficiency of the complaint arises, the action is on an account, bill or note as contemplated by section 9626. The mere fact that great liberality is allowed in justice courts does not dispense with the necessity for some pleadings and certainly the provisions of 9626, 9638 and 9640 requiring a concise statement in writing of the facts constituting plaintiff's cause of action so as to enable a person of common understanding to know what is intended, are entitled to as much force as the provisions of those sections dispensing with any great formality.

In the case of *St. Louis & S. F. R. Co.* v. *Hoff*, 76 Kan. 506, 92 Pac. 539, 540, the court said: "It is true that a very informal statement is held to be sufficient in a bill of particulars before a justice of the peace; but where there is an absolute omission to state a fact essential to the cause of action and such fact is not deducible nor inferable from those which are stated,

the defect is fatal where a proper objection is taken, and there is no waiver.''

In *Terry* v. *Superior Court of San Diego County*, 110 Cal. 85, 42 Pac. 464, it is said, and we believe very aptly so: ''It need only be said that however liberal the rules of pleading may be in a justice's court, nevertheless a cause of action must be there stated, and it must be the cause of action relied on, for in that as in every court the *allegata* and the *probata* must correspond, and the judgment must be upon the demand and within the pleadings.''

While it is true that the justice court is the layman's forum so far as the plaintiff is concerned, it is also the layman's forum so far as the defendant is concerned. He is entitled to complaints sufficiently definite so that he can know from them what proof he must meet. In other words, as was said by the California court, the allegations must be sufficiently definite so that from them the defendant can know what proof is to be offered.

A reading of the pleadings in this action on the part of the plaintiff, together with the argument made by counsel in the trial in the district court, is sufficient to confuse even one trained in the law. Much argument is advanced by the defendant touching on the confusion that may exist here. Certainly in a layman's forum, such as the justice's court, it would work a real hardship on a defendant untrained in the law to be required to appear and answer to a complaint or series of complaints, as here, which have failed to apprise him as a person of common understanding of the facts out of which the cause arises and of the proof that will be adduced upon trial.

Here there is no allegation of ownership in the plaintiff, of possession by the defendant, or of his conversion of the items in question. What transaction the conversion arose out of does not appear in any of the pleadings of the plaintiff. While it is true that defendant by reason of his peculiar knowledge might have had occasion to know what these particular items were and how their conversion occurred and when and what the values of the items were, yet we do not believe that

is the test and in this complaint, if it is good, proof might have been submitted of the conversion of any posts, wire, harness, tents or hay. That likewise is true of the item of the windmill. Even in a justice's court the ordinary rules of pleading to some extent apply, and we believe the very essential of the concise statement of cause of action is as stated in 49 C. J. 140, which says: "It is, of course, necessary that a declaration, complaint, or petition shall show the existence of a cause of action in favor of plaintiff against defendant, by disclosing the existence of a right in plaintiff and an infringement of that right by defendant, entitling plaintiff to relief as of the time of the filing of the complaint."

The rule is also stated in 1 Bancroft's Code Pleading at page 169; "It is fundamental that in order to state a good cause of action in any kind of case it must be made to appear from the face of the complaint either by direct allegation or by necessary or unavoidable inference from the facts stated that there is a primary legal right in the plaintiff, a primary legal duty connected with such right resting on the defendant and a breach of such duty." That rule is stated also by this court in *Chealey* v. *Purdy*, 54 Mont. 489, 171 Pac. 926, as follows: "Whatever may be the nature of the cause of action upon which a plaintiff seeks to recover he must allege in his complaint facts disclosing the presence of all of the elements necessary to make it out." (See also *Ellinghouse* v. *Ajax Livestock Co.*, 51 Mont. 275, 152 Pac. 481, L. R. A. 1916D, 836.)

The rule is stated again in 1 Bancroft's Code Pleading, 268: "A complaint or petition must contain every allegation necessary to show that the plaintiff is entitled to the relief sought. In other words, it must not only state a complete cause of action against the defendant but must also show a right of action in the plaintiff."

In Pomeroy's Code Remedies, Fifth Edition, 528, a "cause of action" is defined and the rule announced as follows: "Every judicial action must therefore involve the following elements: a primary right possessed by the plaintiff, and a corresponding primary duty devolving upon the defendant; a delict or wrong

done by the defendant which consisted in a breach of such primary right and duty; a remedial right in favor of the plaintiff, and a remedial duty resting on the defendant springing from this delict, and finally the remedy or relief itself. Every action, however complicated or however simple, must contain these essential elements. Of these elements, the primary right and duty and the delict or wrong combined constitute the cause of action in the legal sense of the term, and as it is used in the codes of the several States."

The rules as stated are general and in the cases cited the action was in the district court. However, we do not conceive, as we have said above, that by relaxing the rules as to formality the legislature intended to dispense with the necessity for stating a cause of action as defined in these general rules of pleading, and as we have said, when the legislature requires a statement of the *cause of action* in concise language sufficient to inform a person of common understanding of what is intended in a justice court proceedings the same as it does in complaints brought in district court, there can be no doubt that these rules apply.

Section 9129 deals with complaint in district courts and in subdivision 2 it is required that the complaint contain "a statement of facts constituting the cause of action in ordinary and concise language;" and that language is almost exactly the same as used in section 9626, supra, which requires that in a justice's court the complaint contain "a concise statement in writing of the cause of action."

As we have said, it is plaintiff's theory that the action here for the items other than the rental, and for the item of the windmill which appears in the so-called supplemental complaint, is for their conversion. Tested by the rules we have announced, is there a statement of a cause of action for conversion of the items in question? A reading of all of plaintiff's pleadings shows there is not, no matter how liberal the construction is that we apply in justice court. The elements of a cause of action for conversion include at least an allegation that the plaintiff is the owner or entitled to the possession of the property

in question and that defendant converted it to his own use. (65 C. J. 73; 26 R. C. L. 1129.) These allegations do not appear in plaintiff's pleadings, nor is there anything in the statements from which they must necessarily be inferred.

The cause of action as to the windmill must be in tort for damages. The windmill item does not appear in the first complaint and in the supplemental complaint, aside from the failure to set forth sufficient facts to apprise anyone of what was intended, there is no allegation of any duty in defendant to care for the windmill or any right in plaintiff to have it cared for. To state a cause of action in tort the facts must be sufficiently set out to show the existence of a duty on the part of defendant, a violation of that duty and an injury to plaintiff resulting from that breach. The facts stated do not allege these elements, nor can these elements necessarily be inferred from them.

Although recourse may be had to the answer, if it supplies any of the omissions of the plaintiff's pleading, the answer here, as has been indicated, supplies none of the missing essentials. In general it constituted a denial plus a plea to the jurisdiction. None of the items appear to come within the contract set out.

Even though it should be conceded that as to any one of these items the essentials to the statement of a good cause of action might be inferred, though not expressly stated, still the pleadings on the part of the plaintiff could not stand by reason of their failure to comply with the requirements of the statute that the pleadings in a justice's court be a succinct statement of the facts sufficient so that a person of common understanding might know what was intended. Testing the pleadings on the part of the plaintiff by this requirement of the statute, and having in mind the fact that the justice's court is the layman's forum, it cannot be said that the pleadings on the part of the plaintiff met the provisions of the statute.

As has been indicated earlier in this opinion, much of the briefs of counsel was concerned with this question of the confusion in the pleadings. To briefly restate the steps, there

was first filed a so-called "account" by the plaintiff in which items found in subsequent pleadings were omitted. Subsequently on demand there was presented to the defendant what is designated as a bill of particulars, which included items not included in the original account. In this memorandum the value set on the various items was high and the total of those items exceeded $500. As has been said, the defendant took the view that the memorandum was a part of the pleadings and that recourse must be had to the total of the items for the purpose of determining the amount plaintiff was suing for. Although this position does not now seem well taken, yet apparently to meet it the plaintiff prepared what he designated as a supplemental complaint and set out heretofore, and this instrument listed the same items, with the exception of one, that were contained in the memorandum. However, in this supplemental complaint, the value of these items is reduced so that their total amounts to $299.50. For example, an item listed in the memorandum as "1 tent 10x12 $30.00" in the supplemental complaint is listed as "1 tent 10x12 $10.00." What is true of that item, which apparently is the same in the memorandum and the supplemental complaint, is likewise true of the other items which are valued lower in the supplemental complaint than in the memorandum.

To add to the confusion, the supplemental complaint was not filed in the justice's court and was not certified to the district court. However, by various motions and objections of counsel it appears that they both considered the supplemental complaint as one of the pleadings. After the preparation of the bill on appeal here, plaintiff asked that the supplemental complaint be included in the bill of exceptions and upon that application the matter was referred to the Honorable A. G. McNaught as referee. The proceedings before him show that upon objection the trial court did not send this supplemental complaint to the jury as a part of the pleadings and in its instructions, as is customary, instructed the jury that for a statement of the case they must look to the pleadings submitted which were the original account and the answer to it.

The defendant maintains before this court that the supplemental complaint was in reality an amended complaint and that the case was tried on it. What was actually done is a matter largely of conjecture. The item of the windmill was not included in the original account. Yet proof was submitted on it and the question was submitted to the jury under appropriate instructions. The lower court may have taken the view that the memorandum referred to above was a part of the plaintiff's pleadings, and that, since the item appeared there, it could be presented to the jury. This we do not believe to be the case.

As has been said, this document designated "supplemental complaint," if it was a true supplemental complaint, has no place in justice's court procedure. It contained an item for rent which apparently accrued after the filing of the original account, and were there provision for a supplemental complaint in a justice's court, it would be a proper item for such a complaint.

As to the balance of the items, defendant's argument is that if the complaint is a supplemental complaint, the amount demanded in it would supplement the original complaint and that therefore the amount demanded would exceed the jurisdictional amount, since, if the values fixed in the supplemental complaint are added to the demand in the original account, without considering the memorandum, the total amount sued for would be $599.50. As has been said, it is apparent to this court that the plaintiff intended this so-called supplemental complaint to be actually an amended complaint. However, in view of the requirement that justice court matters be presented simply and concisely so that a layman defendant may safely appear and defend, it would seem to rest on the plaintiff to clearly designate the supplemental complaint as an amended complaint if he wanted it to be so considered.

In addition it may be noted that the original complaint was entitled "account." The defendant, in view of that, should expect to meet proof on the theory of an account. The memorandum and supplemental complaint show that the suit, as to

some items, at least, was not on a theory of account, but on some other theory. Whether the defendant would rely on one or the other of the pleadings, or all, would be on his part largely a matter of conjecture.

The point of this discussion is that the plaintiff's pleadings, in addition to their failure to state the bare essentials of a cause of action, are so confusing and involved that no one of common understanding can know from that what is intended. The complaint and the so-called supplemental complaint failing to state a cause of action on any theory, the objection of the defendant should have been granted. In view of the fact that defendant did not press the demurrer and made no other objection to the complaint prior to the objection to the evidence, time should be given to plaintiff to amend if he chooses to do so. Reversed and remanded.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANDERSON and MORRIS concur.

MR. JUSTICE ANGSTMAN, Dissenting:

A justice court is a layman's court and proceedings may be conducted therein without the aid of counsel. Our statute, section 9638, Revised Codes, provides: "Pleadings in justice's courts (1) are not required to be in any particular form, but must be such as to enable a person of common understanding to know what is intended." We have frequently held that pleadings in a justice court shall be construed with great liberality (*Malano* v. *Bressan,* 76 Mont. 366, 245 Pac. 871; *Woody* v. *Security State Bank,* 67 Mont. 109, 214 Pac. 1096; *Lambert* v. *Helena Adjustment Co.,* 69 Mont. 510, 222 Pac. 1057; *Rhule* v. *Thrasher,* 88 Mont. 468, 295 Pac. 266), and whatever is necessarily implied from allegations directly made, or reasonably to be inferred therefrom, is to be treated as directly averred. (*Rhule* v. *Thrasher,* supra.)

Section 9640 provides in substance that a copy of the account is sufficient to constitute the complaint in a justice court. The complaint here proceeded upon the theory that the action arose

upon an account and stated the total amount to be $300. So far as the general demurrer is concerned, the first complaint filed was amply sufficient. But if we consider the bill of particulars and the so-called supplemental complaint together with the original complaint, I still believe that under the liberal rules allowed in construing justice court pleadings, they were sufficient to apprise the defendant of what was intended.

The one item contained in the supplemental complaint as follows: ''Hay used by defendant which belonged to plaintiff, 7 tons, $70.00,'' was itself sufficient to inform defendant of what was intended so far as that item was concerned. The fact that other items were joined on a theory other than as an account, would not render the pleading bad. The statute commands that variance between the proof and pleadings shall be disregarded unless the court is satisfied that the adverse party has been misled to his prejudice thereby. (Sec. 9651, Rev. Codes.)

In *Reynolds* v. *Smith*, 48 Mont. 149, 135 Pac. 1190, this court said: ''In this exception is disclosed the legislative design to make the justice of the peace court a forum serviceable to the people, where litigation may proceed without the aid of attorneys or those familiar with the rules of pleading, and to encourage the assertion by a party of all existing claims in one action and avoid multiplicity of suits. The legislature thus opened the way for the joinder, in one complaint, of all the causes of action which a plaintiff has against his adversary, provided only that they be of such character that the justice of the peace court has jurisdiction of each of them, and that the aggregate of the demands does not exceed $300.''

It is my opinion that the pleadings on the part of the plaintiff here were sufficient to withstand the general demurrer or the general objection to the introduction of testimony, and that my associates are in error in holding otherwise. To me it appears my associates are holding that litigants in a justice court must formulate their pleadings with the same technical exactness that apply in the district court, contrary to all the previous pronouncements by this court.

Furthermore, we are not on this appeal permitted to determine whether the justice of the peace committed error in sustaining the sufficiency of the complaint in this court. On the appeal to the district court, trial is *de novo,* and new or amended pleadings may be filed if the court so orders. (Sec. 9755, Rev. Codes.) Any error committed by the justice of the peace with reference to rulings on the sufficiency of the pleadings becomes immaterial on appeal because it may be obviated by filing new or amended pleadings. Had defendant desired a more definite statement of plaintiff's cause of action in the district court, application to that end should have been made before trial. He will not be heard to say on objection to the introduction of evidence in the district court that he did not know what was intended by the complaint at that stage of the case, because he has already heard the evidence in the justice court relied upon by plaintiff and knows exactly what evidence he will be called upon to meet.

Other questions have been raised in the brief of appellant, but since they are not discussed in the majority opinion, no useful purpose would be subserved in discussing them here. I think my associates are in error in holding that the district court erred in overruling the objection to the introduction of any evidence.

Rehearing denied March 20, 1941, Mr. Justice Angstman dissenting.